### UNITED STATES v. MAYFIELD.

(Circuit Court, E. D. Louisiana. December 11, 1893.)

CRIMINAL LAW—CONFESSIONS—CORROBORATION.

A conviction of taking a letter from a letter box, and extracting money therefrom, cannot be sustained, when denied by a plea of not guilty,

upon the mere confession of defendant to a police officer, unsupported by any evidence that such a letter was deposited in the box, or other corroborative evidence, direct or circumstantial, of the corpus delicti.

Indictment for taking, from a letter depository box, a letter containing money.     On motion for a new trial.     Granted.

F. Earhart, for the United States.
Morris Marks, for defendant.

BOARMAN, District Judge.   The defendant was tried and found guilty, a few days ago, under an indictment, substantially, for feloniously taking a letter from one of the letter depository boxes in this city, containing certain obligations, securities of the United States, in violation of Rev. St. § 5469.   Defendant pleaded not guilty, and offered no evidence on the trial.   The government relied for a conviction alone on the confessions made by defendant after his arrest to the police officers.   It seems that he confessed that he had fished a letter from one of the mail depository boxes with a piece of "wire," and that the letter contained $10 in United States currency, which he appropriated to himself.   The corpus delicti was not shown by any circumstantial or direct evidence, independent of defendant's confession to the effect that he did extract the letter from the mail box.   There was no offer of evidence by the government, aside from the confession, to show that such a letter as defendant admitted that he took had ever been placed in the mail box.   The letter, as shown by his confession, was destroyed by defendant.   No one else seems ever to have seen it at any time.

The defendant made this confession out of court.   His plea of not guilty operates in law as a denial of all the charges in the indictment, and puts the government on proof to make out its case on fact and law.   The jurisprudence on the matter of extrajudicial confessions, when denied by a plea of not guilty, as in this case, as shown by a large number of cases cited in 3 Amer. & Eng. Enc. Law, p. 447, seems to be substantially uniform to the effect that while such confessions of guilt should be received with great caution, and will not alone justify a conviction, yet, if they should be corroborated by circumstances, they would be sufficient for that purpose.   Among the large number of cases cited, there does not seem to be any decisions cited from the Louisiana courts.   It may be that the jurisprudence of Louisiana is not in line with the decisions of the many state courts cited herein; yet the court is persuaded by the view uniformly announced in those cases that, before a conviction is justified, the government should be required to establish the corpus delicti by some degree of circumstantial or other evidence independent of the defendant's extrajudicial confessions.   No such evidence was offered by the government.   The court, at the moment of the trial, was not willing to direct an acquittal of the accused, but is now of the opinion that a new trial should be granted.