## THE STATE v. MERKEL, Appellant.

### Division Two, June 6, 1905.

1. **EMBEZZLEMENT: Intent: Instruction.** The intent with which an act is done may be inferred from all the facts and circumstances connected with the doing of the act. An instruction given in this case, which was a prosecution for embezzlement, is examined and held to correctly state the law on the question of intent.

2. ———: ———: **Refunding Money.** When money is wrongfully converted with the felonious intent to deprive the owner of it, the offense of embezzlement is complete, and no subsequent arrangement to refund the money can. relieve the offense of its criminal character.

3. ———: **Admissions: Instruction.** An instruction set out in the opinion in this case, which was a prosecution for embezzlement, in regard to statements and admissions made by. the defendant, is held to properly state the law on this subject.

Appeal from St. Louis City Circuit Court.—*Hon. Daniel G. Taylor,* Judge.

AFFIRMED.

*Cunningham & Maurer* for appellant.

The mere appropriation of another's money does not constitute embezzlement; nor does the failure to turn the money over to his principal after the agent has received it constitute the crime, but there must be, and must be proven,. at the time of the conversion, an intent to appropriate the money to his own use, and to permanently deprive the owner thereof. Lumber Co. v. Hartman, 45 Mo. App. 647; State v. Cunningham, 154 Mo. 161.

*Herbert S. Hadley,* Attorney-General, and *John Kennish,* Assistant Attorney-General, for the State.

(1) Defendant admitted the collection of the money, the amount collected and the conversion thereof without the assent of his employer. Every element of the offense was proven, at least, sufficiently proven to take the case to the jury. The intent may be inferred from the unlawful conversion. State v. Adams, 108 Mo. 208; State v. Noland, 111 Mo. 473; State v. Manley, 107 Mo. 364. An offer to repay or return the money embezzled will not relieve the act of its criminal nature, and the court correctly so instructed. State v. Pratt, 98 Mo. 482. (2) The only instruction given by the court in which error is assigned in the motion for new trial, is instruction 5, as to statements made by the defendant concerning the alleged offense and introduced as evidence by the State. This instruction, substantially, has been approved many times by the court, and is now the settled law on that subject. State v. Cushenberry, 157 Mo. 168; State v. Carlisle, 57 Mo. 102; State v. Hill, 65 Mo. 84; State v. Wisdom, 119 Mo. 539.

FOX, J.—The defendant was indicted in the circuit court of the city of St. Louis, at the April term, 1903, charged with the embezzlement of the sum of $337, as agent and clerk, from his employer, Alexander Landau. At the October term of said court the defendant was tried, convicted and his punishment assessed at imprisonment in the penitentiary for two years. Motions for a new trial and in arrest of judgment were filed, overruled and defendant appealed to this court.

At the trial the evidence for the State tended to prove the following facts:

In the year 1902, Alexander Landau was engaged in the wholesale meat business in the city of St. Louis under the name of "The Missouri Dressed Beef Company." He alone was interested in said business. The

defendant, George Merkel, was employed by Landau as salesman and collector for the said Missouri Dressed Beef Company. There were several such salesmen in the employ of said company and they were sometimes called "drummers." As one of said salesmen, it was the duty of the defendant to visit the butchers of the city, at their places of business, sell them beef, collect the bills therefor and pay the money so collected over to the bookkeeper of the company. The method by which this business was transacted was that when the defendant made the sale, he took the customer's order for the beef, reported the order, written on a slip of paper to the bookkeeper. The beef was delivered upon this order. The bills for the sales so made through the week were made out and handed to the salesman for collection the following Monday morning. It was the duty of the defendant to pay over to the bookkeeper each day all moneys, if any, collected on that day.

In the month of August, 1902, bills against four customers, Mr. Zimmer, Oeschner, Hesch and one other, name not given, were handed to the defendant for collection. The total amount of these bills was $395.25. The defendant collected said bills when due, but failed to report the collection thereof and pay the sum so collected to the bookkeeper. After said accounts were sometime past due, one of them over thirty days, the bookkeeper asked the defendant as to the cause of the delinquency and repeated the inquiry at different times thereafter. The defendant made various excuses, all of which were untrue, stating that the customer was ill, that he was behind in other payments, etc. Finally Landau's attention was called to the matter, and his suspicions being aroused, he instructed another employee, in the presence of the defendant, to go and see why the delinquent customer had not paid. The defendant then called his employer aside and admitted that he had collected these accounts, saying, "I am be-

hind. I have been playing the ponies and have lost it; I will make every cent of it good.''

A statement of the shortage was then given by the defendant to Landau, giving the amounts and names of the persons from whom he had collected and failed to pay over to the house. The defendant continued to work for Landau a short time thereafter under an arrangement by which a part of his salary each week was to be applied on the shortage. After paying back about $58 in that way, the defendant became dissatisfied and, against Landau's objection, quit his position and went to work for another firm.

At the close of the evidence for the State, the defendant asked an instruction in the nature of a demurrer to the evidence, which the court refused.

Defendant offered evidence showing his good reputation for honesty and integrity.

This sufficiently indicates the facts developed at the trial to enable us to determine the legal propositions involved in this cause.

At the close of the evidence the court instructed the jury and the cause was submitted to them and they returned a verdict of guilty and assessed defendant's punishment at imprisonment in the penitentiary for two years, and judgment upon the verdict was accordingly entered. From this judgment defendant prosecuted his appeal, and the record is now before us for consideration.

It is unnecessary to reproduce the instructions of the court; there were only two complained of in the motion for new trial, and they will be given attention during the course of the opinion.

## OPINION.

It is insisted by learned counsel for appellant that the evidence developed at the trial of this cause is insufficient to support the verdict. We are unwilling to

assent to this insistence. A careful analysis of the testimony disclosed by the record furnishes ample support for the finding of the jury. Every essential element of the offense charged was proven by substantial testimony. The agency and employment of defendant by Alexander Landau, the prosecuting witness, who was doing business under the name of The Missouri Dressed Beef Company, were fully established by the evidence. It is not disputed that the defendant collected the money as charged, and that he converted it to his own use, without the assent of his employer.

It is argued by appellant that the defendant was the first one to inform his employer that he had used some of the money belonging to him and that he did not conceal the fact of his shortage or leave the country, but on the contrary made an arrangement with the prosecuting witness to pay the amont of such shortage. It is insisted that, in view of these facts, this transaction amounted to nothing more than an involuntary loan on the part of the prosecuting witness. The testimony, as disclosed by the record, shows, however, that defendant made false statements in respect to the collection of the money, and that it was not until after Mr. Landau had by an investigation discovered the wrongful acts of the defendant that the defendant informed him fully as to the misappropriation of the money. That the defendant wrongfully appropriated the money charged in the indictment to his own use, there is no dispute, and the question is simply narrowed down to his intent at the time of such conversion. Intent in cases of this character is seldom susceptible of that positive proof that is usually made as to the other essential elements of the offense, hence in the solution of this question we are relegated to the application of the well-recognized rules of law, upon the subject as to how the triers of the facts are to ascertain the intent accompanying the doing of any wrongful act. That the intent of the defend-

ant necessary to constitute the offense with which he is charged may be inferred from the doing of the wrongful act, is no longer an open question in this State. [State v. Manley, 107 Mo. 364; State v. Noland, 111 Mo. 473; State v. Adams, 108 Mo. 208; State v. Lentz, 184 Mo. 223.]

The court upon this subject of intent fairly and correctly declares the law in this case. It told the jury: ''The intent with which an act is done may be proved by direct and positive testimony, or the intent may be inferred from all of the facts and circumstances surrounding and attending the act as shown by the evidence in the case, and the intent in this case must be determined from the evidence given in this case.''

We have carefully considered the testimony presented in the record, and it being conceded that the defendant committed the wrongful act and converted the money of prosecuting witness to his own use, we are unwilling to say that the jury had no right to indulge the inference that he intended to permanently deprive the owner of it.

The arrangement made with Mr. Landau to pay the money back, and partly refunding the money, does not change the criminal nature of the act. The offense charged is one against the State, and when the money was wrongfully converted with the felonious intent to deprive the owner of it, the offense was complete, and no individual arrangement can relieve it of its criminal character. [State v. Pratt, 98 Mo. 482; State v. Lentz, supra; Commonwealth v. Tenny, 97 Mass. 50; Commonwealth v. Tuckerman, 10 Gray 173; State v. Leicham, 41 Wis. 565.]

The testimony in this cause fully warranted the jury in finding the defendant guilty, hence there was no error in the refusal of the peremptory instruction requested by appellant.

The record discloses proper objections and exceptions to all the instructions given by the court in

this cause; but it also appears, with the exception of instruction No. 5, that appellant failed to renew such objections and call the attention of the court to the error complained of in the motion for new trial; hence the complaint as to instructions, with the exception noted; is not before us for consideration. The instruction complained of, in motion for new trial is as follows: "If you believe and find from the evidence that the defendant made any statement or statements in relation to the embezzlement charged in the indictment after such offense is alleged to have been committed, you must consider such statement or statements all together. The defendant is entitled to what he said for himself, if true, and the State is entitled to the benefit of anything he may have said against himself in any statement or statements proved by the State. What the defendant said against himself, if anything, the law presumes to be true, unless negatived by some other evidence in the cause, because said against himself. What the defendant said for himself, the jury are not bound to believe, because it was said in a statement or statements proved by the State, but the jury may believe or disbelieve it as it is shown to be true or false by the evidence in this cause; it is for the jury to consider, under all the facts and circumstances in evidence in this case, how much of the whole statement or statements of the defendant proved by the State the jury, from the evidence in this case, deem worthy of belief."

It appears from the testimony in the record that the defendant made certain statements and admissions as to the conversion of the money collected, and doubtless this instruction was predicated upon such statements. It was an appropriate instruction, based upon the statements of defendant, and has met with uniform approval by this court. [State v. Cushenberry, 157 Mo. 168; State v. Wisdom, 119 Mo. 539; State v. Hop-

per, 71 Mo. 425; State v. West, 69 Mo. 401; State v. Carlisle, 57 Mo. 102.]

The record in this case discloses a fair trial; the instructions of the court cover every phase of the cause to which the testimony was applicable; the jury heard the evidence and they had opportunities to judge of its weight that are not afforded this court; it was sufficient to support their findings, and the judgment should be affirmed, and it is so ordered.

*Gantt, J.,* concurs; *Burgess, P. J.,* absent. .