## THE STATE v. ARTHUR COX, Appellant.

**Division Two, March 30, 1915.**

1. **ARSON: Corpus Delicti.** The *corpus delicti* in arson is the burning of the house by the wilful act of some person criminally responsible for his acts, and not by natural or accidental causes.

2. **————: ————: Confession: Corroborating Circumstances.** A confession made out of court must be supported by independent proof of the *corpus delicti*, but it is sufficient if there be such extrinsic corroborative circumstances as will, taken in connection with the confession, produce conviction of the defendant's guilt.

3. **————: ————: ————: ————: Other Fires: Evidence.** The general rule is that, on a trial for arson, evidence as to other fires at or about the same time and place is inadmissible, but if it tends to directly connect the defendant with the burning alleged in the information, to establish intent, or to show the incendiary origin of the fire, it may be received.

4. **————: ————: ————: ————: ————: ————: This Case.** Where the evidence shows that the defendant, on trial for arson, was present at three fires which broke out at night between 11:45 and 1 o'clock; that shortly before the first, and again before the last, he borrowed matches at restaurants near by; and that he was seen running along the street looking backward just before the first was discovered, it is held that there was sufficient proof of the *corpus delicti* to support the defendant's confession made out of court and, with the confession, to sustain his conviction on a charge of setting the third fire.

5. **MOTIVE: Absence of: Instructions.** Absence of apparent motive for a crime does not authorize an acquittal and does not call for an instruction on that subject.

6. **INSTRUCTIONS: Extrajudicial Statements: Confession.** Although it would have been proper for the court in a criminal trial to give a cautionary instruction concerning an alleged confession of the defendant, still the failure to give it was not error, where the court's attention was not called to the point either at the trial or in the motion for a new trial, and a proper instruction was given concerning statements or admissions made out of court.

7. ———: ———: ———: **Corpus Delicti.** The fact that an instruction in a criminal trial says that any statement of the defendant against himself is presumed to be true does not render it erroneous where his extrajudicial confession is supported by other evidence to prove the *corpus delicti.*

8. **PRELIMINARY EXAMINATION: Refusal to Grant: Motion: Appeal.** In the absence of a proper motion calling the court's attention to the matter, a case will not be reversed for refusal to grant a preliminary examination upon an amended information.

9. **INSTRUCTIONS: Guilt to be "Shown" Beyond Reasonable Doubt.** An instruction in a criminal trial is not rendered erroneous by the fact that it said the defendant was presumed to be innocent until his guilt was "shown" (instead of "proved") beyond a reasonable doubt.

Appeal from Audrain Circuit Court.—*Hon. James D. Barnett,* Judge.

AFFIRMED.

*Clarence A. Barnes* for appellant.

(1) The *corpus delicti* of arson in the third degree was not proven: first, a criminal act; second the defendant's agency in the production of a criminal act. State v. Jones, 106 Mo. 302. (2) The alleged confession of defendant was not supported by independent proof of the *corpus delicti.* State v. Young, 237 Mo. 170; Robinson v. State, 12 Mo. 592; State v. Scott, 39 Mo. 424. (3) There is no proof of an inducing motive for the burning of the building by defendant, that he anticipated any benefit from its burning, or that he entertained any malice or ill will towards its owners or occupants, and the same should be taken into consideration. State v. Morney, 196 Mo. 51. (4) The court erred in permitting the State to introduce evidence of the burning of other buildings than the one charged in the information, and in permitting the prosecuting attorney to refer thereto in his opening statement and in his argument. State v. Goetz, 34

Mo. 85; State v. Young, 119 Mo. 495; State v. Apperger, 80 Mo. 173; State v. Crosswhite, 130 Mo. 358; State v. Taylor, 136 Mo. 66. (5) ·Th amendment of the information and forcing the defendant to trial without first giving him a preliminary examination on the amended information was error. Laws 1913, p. 224. (6) Instruction 3 offered on the part of the State was error for the reason that it failed to properly caution the jury with reference to the so-called confession of the defendant. State v. Peters, 234 Mo. 572; Baldwin v. State, 12 Mo. 223; Robinson v. State, 12 Mo. 596; State v. Young, 237 Mo. 170; State v. Jones, 54 Mo. 478; State v. Hopkirk, 84 Mo. 278.

*John T. Barker,* Attorney-General, and *Thomas J. Higgs,* Assistant Attorney-General, for the State.

(1) The *corpus delicti* was sufficiently proven according to the decisions of this court. State v. Jones, 106 Mo. 302, cited by the appellant, in every way substantiates the proof of the *corpus delicti* in the case at bar. There was not a mere suspicion of guilt in this case. The appellant admitted he set the fire, and the burning of the barn was clearly proven. The cases cited by the appellant are not in point, and there is no merit in this contention. (2) The alleged confession was supported by other proof. In this case the burning of the barn was proven, and together with this the appellant confessed to burning same. Appellant's contention is without merit, and the proof of the burning of the barn sufficiently supports the confession. The evidence is ample to support the verdict of the jury. (3) Proof of motive is not necessary. (4) Error was not committed in allowing in evidence the burning of the other buildings. The evidence of the commission of other offenses is admissible where the identity of the defendant was a controverted question. State v. Hubbard, 201 Mo. 639; State v. Hyde, 234 Mo.

200.  Similar crimes committed at or near the same time are admitted in evidence.  State v. Bailey, 190 Mo. 257; State v. Toohey, 203 Mo. 674; State v. Sechrist, 226 Mo. 574.  (5) When the information is amended it is not necessary that the appellant be given another preliminary hearing.  (6) In view of the authorities in this State, and especially the case of State v. Creeley, 254 Mo. 382, where instruction 3 was approved after much discussion, it cannot be successfully contended by the appellant a prejudicial error was committed by the court in giving the same.  State v. Creeley, 254 Mo. 396; State v. Merkel, 189 Mo. 321; State v. Howell, 117 Mo. 307; State v. Wisdom, 119 Mo. 539; Green v. State, 13 Mo. 392.

ROY, C.—Defendant was convicted of arson in the third degree and sentenced to two years in the penitentiary.  The amended information is in the usual form and charges him with burning a barn belonging to Willard Potts and Susan Potts on November 12, 1913.  On the night of that day three fires occurred between the hours of 11:45 p. m. and 1 a. m., and all within a very short distance of each other and of the Chicago & Alton station in the city of Mexico.  The first fire was in a coal or wood shed back of Creasy's second hand store; the second in a barn back of the printing company's place of business; the third in Potts's barn north of the railroad, about a hundred and fifteen or twenty feet from the station.  A few minutes before the first fire the defendant went into Genrich's restaurant and got some matches, which was a usual thing for him and others to do.  A few minutes later he was seen running along the street looking back, then running into an alley.  Then followed the first fire, and after twenty or thirty minutes the second fire broke out.  Defendant was seen at all the fires.  At the second fire he was heard to say to his uncle Tom Cook, "Let's leave here."  Just before the third fire he got matches

at Winan's restaurant. One witness testified that defendant was "canning beer" that night. Another said that he was "drinking."

The last fire was the one for which defendant was convicted. State's counsel, over defendant's objection, was permitted to include the first two fires in his statement to the jury and to introduce evidence in regard to them. There was evidence that a train came in just before the last fire and that the wind was from the southward, blowing from the tracks towards the barn, and that at times locomotives had been known to throw sparks 25 feet high.

There was evidence that the last fire began in the loft of the barn in some baled hay or straw.

There was no evidence showing motive for the deed. Defendant was arrested that night, and the next morning he stated in the presence of the prosecuting attorney, sheriff and others, that he set all three of the fires. The State's witnesses stated that no improper method was used to obtain the confession, and there was no evidence to the contrary.

The court gave the usual instructions including the one on the subject of statements made by the defendant out of court. The fourth instruction told the jury that the defendant was presumed to be innocent until his guilt was "shown" by the evidence beyond a reasonable doubt.

Just before the trial began, the State was permitted to amend the information by interlineation so as to show Susan Potts as one of the owners of the barn. Defendant then orally asked that he be accorded a preliminary examination on the information as amended. The request was refused, but there was no motion in regard to that matter.

I. The *corpus delicti* in arson is the burning of the house by the wilful act of some person criminally

Arson:
Corpus
Delicti.
responsible for his acts, and not by natural or accidental causes.   [State v. Jones, 106 Mo. l. c. 312; 1 Whar., Crim. Ev. (10 Ed.), sec. 325a.]

"A confession of the crime charged, made out of court by the accused, must be supported by independent proof of the *corpus delicti;* that is, by proof that a crime was in fact committed."

Confession:
Corroborating
Circumstances.
[State v. Young, 237 Mo. l. c. 177, and cases there cited.]

In State v. Knowles, 185 Mo. l. c. 177, it was said that full proof of the *corpus delicti,* independent of the confession of the defendant, is not required; and that it is sufficient if there be such extrinsic corroborative circumstances as will, taken in connection with the confession, produce conviction of defendant's guilt.

Appellant contends that, outside of the alleged confession, there is no evidence of the *corpus delicti.*

Other Fires.
In connection with that proposition it is urged that the evidence as to the two other fires was improperly admitted.   The general rule is that evidence as to other fires at or about the same time and place is inadmissible, "but if it tends to directly connect defendant with the burning alleged in the indictment, to establish intent, or to show the incendiary origin of the crime, it may be received.   [3 Cyc., 1007.]   In State v. McMahon, 17 Nev. 365, testimony as to ten other fires within two months in the same town was held proper in order to show that the fires were of incendiary origin.

In England, in Reg. v. Dossett, 2 C. & K. 306, the defendant was charged with setting a hayrick on fire by discharging a gun close to it.   Evidence was admitted showing that on another occasion defendant was seen with a gun in his hand near the rick which was then on fire.   In Rex v. Long, 6 C. & P. 179, decided at *nisi prius* in 1833, the defendant was charged with burning three hayricks, each belonging to a different

person, they being burned one immediately after the other, and in sight of each other. There were separate indictments for each rick. A confession as to all three was put in evidence, and an accomplice testified as to all three as constituting part of the same transaction.

In Reg. v. Gray, 4 F. & F. 1102, the prisoner was accused of burning his house for the insurance. Evidence was admitted to show that twice before defendant had collected insurance for successive fires, in order to show that the fire in question was of incendiary origin.

In Sawyers v. Commonwealth, 88 Va. 356, it was said: ''Among the chief indicia which go to substantiate at once the *corpus delicti* and the guilt of the prisoner in a case like this, say the authorities, are the circumstances that the fire broke out suddenly in an uninhabited house, or in different parts of the same building, and that the accused had a cause of ill will at the sufferer, or had been heard to threaten him.''

One fire unexplained ordinarily raises no presumption of incendiary origin. Two at the same time and place put people on the alert to know why they occurred. Three are sufficient to put the police on the track of the supposed incendiary. While those fires were bursting out one by one, the defendant twice procured matches near the fires. True, as the evidence shows he often got matches in that way. Each of those fires, and each of those acts of procuring matches considered solely and by itself, is perfectly free from a suggestion of guilt. But when they are compounded, and in that compound the defendant can be seen running along the street at midnight, looking back, we are forced to say that here is proof of the *corpus delicti* independent of defendant's confession, and that there is ample evidence of defendant's guilt.

II. The point is made that the evidence fails to show any motive for the defendant to commit the crime. Absence of apparent motive does not authorize an acquittal and does not call for an instruction on that subject. [State v. Brown, 168 Mo. l. c. 473; State v. David, 131 Mo. l. c. 397.] In State v. Morney, 196 Mo. l. c. 51, the judgment was reversed and defendant discharged because there was neither motive nor substantial proof of guilt shown by the evidence.

Motive:
Instructions.

III. Instruction 3 given for the State on the subject of statements or admissions made by the defendant out of court was in accordance with the form approved in State v. Wisdom, 119 Mo. l. c. 552; State v. Howell, 117 Mo. l. c. 323, and State v. Merkel, 189 Mo. 321.

Instructions:
Extrajudicial
Statements:
Confession.

Appellant says that such instruction is erroneous because it fails to caution the jury as to the so-called confession of defendant. It is enough to say that the instruction as given was correct. It would have been proper for the court to give a cautionary instruction on that subject, but none was asked by defendant, and the court's attention was not called to that point either on the trial or in the motion for a new trial. The following additional objection to that instruction is made in defendant's brief:

"Said instruction was erroneous for the reason that it states that any statement of the defendant against himself was presumed to be true, which is not correct in so far as it relates to extrajudicial confessions unless corroborated by other evidence, which limitation was not incorporated in said instruction, nor was the jury cautioned with reference thereto." The same point was made in State v. Knowles, supra, and ruled against the appellant.

IV. The refusal of a preliminary examination will not avail to reverse the case in the absence of a proper

**Preliminary Examination: Refusal to Grant.** motion calling the court's attention to that fact. [Ex parte Buckley, 215 Mo. l. c. 99; State v. McKee, 212 Mo. 138.]

The use of the word "shown" in place of the usual word "proved" in the instruction as to presumption

**Shown for Proved.** of innocence does not impair the merits of that instruction.

The judgment is affirmed. *Williams, C.,* concurs.

PER CURIAM.—The foregoing opinion of Roy, C., is adopted as the opinion of the court. All the judges concur.