# CHARLESTON.

STATE *v.* STUART F. BLACKWELL

(No. 5463)

Submitted October 19, 1926. Decided October 26, 1926.

1. CRIMINAL LAW—*Conviction is Not Warranted by Extrajudicial Confession of Accused Alone; Extrajudicial Confession of Accused, to Warrant Conviction, Must be Corroborated in Material and Substantial Manner by Evidence Aliunde of Corpus Delicti; Corroborating Evidence, Necessary to Make Extrajudicial Confession Ground for Conviction, is Sufficient if it, With Confession, Establishes Offense Beyond Reasonable Doubt; in Prosecution for Forging Check, Evidence in Connection With Confession Held to Establish Corpus Delicti Beyond Reasonable Doubt.*

A conviction in a criminal case is not warranted by the extrajudicial confession of the accused, alone. The confession must be corroborated in a material and substantial manner by evidence *aliunde* of the *corpus delicti.* The corroborating evidence, however, need not of itself be conclusive; it is sufficient if when taken in connection with the confession, the crime is established beyond reasonable doubt.    (p. 422.)

(Criminal Law, 16 C. J. § 1514.)

2.  SAME—*Errors in Giving and Refusing Instructions Are Harmless, Where Evidence is so Conclusive That Only One Verdict Could Have Been Returned.*

Errors in giving and refusing instructions are harmless, in a case where the evidence is so conclusive, that only one verdict could have been returned. Pt. 1, Syl. *Reilly* v. *Nicholl,* 72 W. Va. 189. (p. 425.)

(Criminal Law, 17 C. J. §§ 3688, 3706.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of Syllabi.)

Error to Circuit Court, Mercer County.

Stuart F. Blackwell was convicted of forgery, and he brings error.

*Affirmed.*

*Sanders, Crockett, Fox & Sanders* for plaintiff in error.

*Howard B. Lee,* Attorney General and *J. Luther Wolfe,* Assistant Attorney General.for the State.

HATCHER, JUDGE:

Stuart F. Blackwell, the defendant below, was indicted at the January term, 1925, of the Criminal Court of Mercer County. The indictment contains four counts. In the first count Blackwell is charged with forging a certain check for $51.00, drawn on the First National Bank of Bluefield, West Virginia, payable to the order of Holly Brake and signed by Viele, Blackwell & Buck. In the second count the defendant is charged with uttering the forged check. In the third count he is charged with forging the endorsement of Holly Brake on the said check; and in the fourth count he is charged with uttering the forged endorsement. The indictment alleges that the forging and uttering were committed in Mercer County.

The accused plead not guilty to this indictment and went to trial. In addition to evidence *aliunde,* the State introduced a voluntary written confession by Blackwell, which is in part as follows:

"And I particularly state that on or about December 21, 1923, while in the employ of Viele, Blackwell & Buck in the capacity as aforesaid I

prepared a check payable to the order of Holly
Brake drawn on The First National Bank of Blue-
field, Bluefield, West Virginia, for the sum of
Fifty-one ($51.00) Dollars; that I forged the
name of Holly Brake on the back of said check and
obtained the money thereon and used it for my
own personal benefit''.

The defendant did not testify, but evidence was introduced
in his behalf showing insanity in his family, and that he had
been abnormal and peculiar. Hypothetical questions embody-
ing this family and personal history and the facts relative to
the forgery, were propounded to several physicians, who gave
opinions thereon, that Blackwell was deranged at the time
. of the forgery. In rebuttal two non-expert witnesses, who
had been associated with defendant in the employment of
Viele, Blackwell & Buck, testified that his conduct, as observed
by them, had been normal. The jury found Blackwell guilty.

A motion for a new trial was overruled and the defendant
sentenced to three years confinement in the penitentiary. He
contends that the trial court erred in refusing him a new
trial, on the grounds, that, (a) The *venue* was not proven;
(b) the *corpus delicti* was not proven; (c) State's instruction
No. 1 was given, and (d) defendant's instruction No. 8 was
rejected.

The State proved that defendant was payroll clerk in the
office of Viele, Blackwell & Buck, in the City of Bluefield in
Mercer County, and that the endorsement of the name of
Holly Brake on the check was a forgery. The forged check
was in evidence. It was drawn on The First National Bank
of Bluefield; it is stamped ''Paid'' and bears no endorsements
except the name of Holly Brake and that of another Bluefield
bank. The check was therefore unquestionably uttered in the
City of Bluefield. These facts sufficiently prove the venue
independently of the confession whereby it is fully estab-
lished. But counsel contend that the confession is not com-
petent evidence, on the theory that there is no evidence
*aliunde* to prove the *corpus delicti.* 16 C. J. 771, *State* v.
*Hall,* 31 W. Va. 506; *State* v. *Harrison,* 98 W. Va. 227.

The State proved by Holly Brake that the endorsement on the check was not his own; that he did not know "who forged the name of Holly Brake on the back of this check", and that he derived no money from the check. Counsel says, because Brake did not deny having given authority to any one else to endorse the check, the State failed to show a forgery. *Romans* v. *State*, (Ohio), 37 N. E. 1040, and other cases are cited. The Attorney General replies that if Brake's name had been written on the check by another at his direction, the signature would have been Brake's endorsement and the testimony of Brake that the check did not bear his endorsement, was in effect a denial of authority in the one who did endorse his name on the check and sufficiently proved a forgery. We are impressed by this argument. It may not be conclusive, but in *State* v. *Hall, supra,* an instruction was condemned which called for proof of the commission of a crime, independent of any admissions, beyond reasonable doubt.

We find a general concurrence of decision that proof of the *corpus delicti* need not be as full and conclusive in a case where the accused has confessed the crime, as otherwise would be required. 6 A. & E. Ency. Law, p. 582, *Mathews* v. *State*, 55 Ala. 187 (194), *Lott* v. *State*, 60 Tex. Crim. 162, *People* v. *Badgley*, 16 Wend. (N. Y.) 53. In the case last cited the court stated that in many of the decisions slight corroborating facts, when taken in connection with the confession, had been deemed sufficient. *State* v. *Hall, supra,* specifically holds that a confession is competent evidence tending to prove the *corpus delicti*. All that should be required of the State in such cases, is that there be such substantial corroborative circumstances, as will, when taken in connection with the confession, establish the *corpus delicti* beyond reasonable doubt. *U. S.* v. *Mayfield*, 59 Fed. 188; *Flower* v. *U. S.*, 116 Fed. 241; *Russell* v. *State*, 112 Ark. 282; *People* v. *Badgley, supra; State* v. *Cox*, 264 Mo. 408; *Lott* v. *State, supra*, 6 A. & E. Ency. Law 582-3, 3 Ency. Evidence, 665-6, Wharton's, Crim. Ev. par. 634.

Whether Brake's evidence is conclusive is immaterial, his testimony read in connection with the confession establishes the *corpus delicti* beyond reasonable doubt.

Instruction No. 1 for the State directed a verdict of guilty, if the jury found beyond reasonable doubt, that the defendant "forged the name on the check, as set out in the indictment". Counsel contend that this instruction is erroneous because it omits the words, "to the prejudice of another's right", as contained in Sec. 5, Ch. 146 of the Code. The indictment severally charged that the forging and the uttering of the endorsement of Holly Brake were "to the prejudice of another's rights". We have held that an instruction may be supplemented by reference to another paper when the paper is before the jury. *State* v. *Whitecotton*, 101 W. Va. 492, *State* v. *Jankowski*, 102 W. Va. 234. The indictment was delivered to the jury when it retired to deliberate on its verdict. This contention is therefore not apposite.

Instruction No. 8, offered by defendant, told the jury that in order to convict defendant of forging the name of Viele, Blackwell & Buck to the check, they must believe from the evidence beyond all reasonable doubt that the defendant, without authority, signed the name after the check had been filled out, or that he filled in the check after it had been signed, or that he both filled out and signed the check.

The evidence of the State did not point specifically to a forgery of the name of Viele, Blackwell & Buck. The State based its case on the forging and uttering of Holly Brake's endorsement. Its evidence on these charges was complete in every detail. The accused did not controvert that evidence in the slightest degree. His only defense was insanity. The jury was fully instructed on the law relative to that defense, and no error is predicated to any ruling of the court thereon. Having found that the silver chord of Blackwell's mentality was not loosened, the jury could return no verdict under the evidence but that of guilty. Even if the trial court erred in refusing Instruction No. 8, that error was inconsequential, and presents no ground for reversal. "Errors in the giving and refusal of instructions in a case in which the verdict is

the only one that could have been given under the evidence, owing to its conclusiveness, are not prejudicial and may be disregarded as being harmless''. *Reilly* v. *Nicholl,* 72 W. Va. 189; *Wiggin* v. *Dillon,* 66 W. Va. 313; *Hartmeyer* v. *Everly,* 73 W. Va. 88; *State* v. *Hurley,* 78 W. Va. 638 (642); *State* v. *Miller,* 85 W. Va. 326; *State* v. *Smith,* 97 W. Va. 313.

The judgment of the lower court is therefore affirmed.

*Affirmed.*