## Staunton

BUCK CLEEK v. COMMONWEALTH OF VIRGINIA.

September 19, 1935.

Present, All the Justices.

The opinion states the case.

*Richmond Bond,* for the plaintiff in error.

*Abram P. Staples, Attorney-General,* and *Edwin H. Gibson, Assistant Attorney-General,* for the Commonwealth.

GREGORY, J., delivered the opinion of the court.

Buck Cleek, the accused, was jointly indicted with his

father, John Cleek and Clyde Hilton under the Layman Prohibition Act for the possession of ardent spirits. He was tried by a jury and his punishment fixed at a fine of $250.00 and a jail term of six months. Judgment was pronounced on the verdict by the court and that judgment is here for review. The sole ground upon which the accused asks this court to reverse the judgment is that the evidence is insufficient to sustain it.

At the trial of the case only one witness testified and he was the sheriff of the county. He testified that he found twenty gallons of whiskey on the premises of John Cleek who was the father of the accused. Part of the whiskey was found in the dwelling house and the remainder was found in a barn a short distance from the dwelling. He further testified that just after he had finished the search of the premises, the accused arrived upon the scene, and while in front of the house of John Cleek, he, the accused, admitted to the sheriff that the whiskey found on the premises of his father belonged to him (Buck Cleek). Immediately the sheriff arrested Buck Cleek.

No other testimony was offered. The accused failed to take the stand in his own behalf.

The contention made here for the first time is that the confession of the accused is uncorroborated and therefore it alone is insufficient to sustain the verdict and judgment, under the rule that an extra-judicial confession alone is insufficient to prove the *corpus delicti*. *Collins* v. *Commonwealth,* 123 Va. 815, 96 S. E. 826.

█ The *corpus delicti* in this case was established when the officer found the illegal whiskey on the premises of John Cleek and the confession out of court of Buck Cleek, the accused, in our judgment was sufficient to connect him with the crime.

█ While it may be true that the *corpus delicti* cannot be established by a confession made out of court and uncorroborated by other evidence (*Collins* v. *Commonwealth, supra; Moore* v. *Commonwealth,* 132 Va. 741, 111

S. E. 128; *State* v. *Hall*, 31 W. Va. 505, 7 S. E. 422; *Brown* v. *Commonwealth*, 89 Va. 379, 382, 16 S. E. 250), yet, when the *corpus delicti* has been established as in this case such a confession is competent evidence to connect the accused with the crime.

In our sister State, West Virginia, the rule was clearly and succinctly stated by Judge Hatcher in the case of *State* v. *Blackwell*, 102 W. Va. 421, 135 S. E. 393, 394, in the following language which we think very aptly and effectively disposes of the contention of the accused in this case:

"We find a general concurrence of decision that proof of the *corpus delicti* need not be as full and conclusive, in a case where the accused has confessed the crime, as otherwise would be required. 6 *A. & E. Ency. Law,* page 582; *Matthews* v. *State,* 55 Ala. 187, 194; *Lott* v. *State,* 60 Tex. Cr. R. 162, 131 S. W. 553; *People* v. *Badgley,* 16 Wend. (N. Y.) 53. In the case last cited the court stated that in many of the decisions slight corroborating facts, when taken in connection with the confession, had been deemed sufficient. *State* v. *Hall, supra,* specifically holds that a confession is competent evidence tending to prove the *corpus delicti.* All that should be required of the State in such cases is that there be such substantial corroborative circumstances as will, when taken in connection with the confession, establish the *corpus delicti* beyond reasonable doubt. *United States* v. *Mayfield* (C. C.), 59 F. 118; *Flower* v. *U. S.,* 116 F. 241, 53 C. C. A. 271; *Russell* v. *State,* 112 Ark. 282, 166 S. W. 540; *People* v. *Badgley, supra; State* v. *Cox,* 264 Mo. 408, 175 S. W. 50; *Lott* v. *State, supra,* 6 *A. & E. Ency. Law,* 582, 583; 3 *Ency. Evidence,* 665, 666; *Wharton's Crim. Ev.,* par. 634. Whether Brake's evidence is conclusive is immaterial; his testimony, read in connection with the confession, establishes the *corpus delicti* beyond reasonable doubt."

For these reasons, we find no error in the judgment of the court, and affirm the same.

*Affirmed.*