66 S.E.2d 605 (1951)
191 Va. 665
WHEELER
v.
COMMONWEALTH.
Supreme Court of Appeals of Virginia.
September 5, 1951.
L. Grafton Tucker, Lovingston, for plaintiff in error.
J. Lindsay Almond, Jr., Atty. Gen., G. Stanley Clarke, Asst. Atty. Gen., for the Commonwealth.
Before EGGLESTON, SPRATLEY, BUCHANAN, MILLER, SMITH and WHITTLE, JJ.
EGGLESTON, Justice.
At the May, 1950, term of the Circuit Court of Nelson county three indictments were found against John Will Wheeler. In the first count of one of these indictments he was charged with having unlawfully *606 and feloniously manufactured alcoholic beverages on April 20, 1950, in violation of Code, § 4-57. The first count of a misdemeanor indictment charged him with the unlawful possession of "a still and distilling apparatus" on May 11, 1950, in violation of Code, § 4-77. The first count of another misdemeanor indictment charged him with the unlawful possession of illegally acquired alcoholic beverages on May 1, 1950, in violation of Code, § 4-75.
Each of these indictments contained a second count which charged that he had been convicted on May 18, 1950, in the trial justice court of the county of "unlawfully selling illegal whiskey," in violation of Code, § 4-58.[1]
By consent the three indictments were tried together before a jury and Wheeler was convicted on the first count of each. We granted writs of error to each of the judgments entered upon the verdicts.
The accused did not take the stand and the evidence offered by the Commonwealth, which has been reduced to narrative form, is brief and without conflict.
On May 1, 1950, Duff and Bailey, inspectors for the Alcoholic Beverage Control Board, purchased from the accused at his home near Montebello, in Nelson county, one pint of "illegally acquired apple brandy," for which they paid him the sum of $3. At the time of the purchase Wheeler told Duff and Bailey that he had manufactured the brandy about three weeks prior thereto and that if they would return later he would furnish them with more.
On May 18, 1950, Wheeler pleaded guilty in the trial justice court to the charge of having sold the pint of illegally acquired ardent spirits to Duff and Bailey. A fine and suspended jail sentence were imposed.
On May 11, 1950, Duff and Bailey, accompanied by other inspectors of the Alcoholic Beverage Control Board and armed with a search warrant, searched Wheeler's dwelling and outside premises. While they found "many jugs, jars and other containers," they found no ardent spirits.
"A short distance from Wheeler's home, in the woods near by," the inspectors found "a still site" which apparently had not been used within two or three weeks. Except for a missing worm, the inspectors found the component parts of "a complete still." These consisted of a "wooden cap," a 40-gallon "apple butter kettle-type still," showing evidence of having been used, and two empty 50-gallon fermenting barrels. No mash or other substance capable of making ardent spirits was found at the still site. The only path to the still site led from the near-by Wheeler dwelling.
Wheeler admitted to the inspectors that the appliances found at the still site were his. He said that he did not own a worm, but had "borrowed" one for his purposes and this he had returned.
He also admitted to the inspectors that the pint of apple brandy which he had sold to Duff and Bailey on May 1, 1950, was a part of that which he had made at the nearby still about three weeks previously. He signed a written confession to the same effect.
At the conclusion of the Commonwealth's evidence the accused moved to strike the evidence as to the misdemeanor indictment charging him with the unlawful possession on May 1, 1950, of the illegally acquired liquor on the ground that, since he had been previously convicted of having sold the identical liquor to the inspectors, and inasmuch as possession is a necessary element of a sale, such prior conviction was a bar to a prosecution under the present indictment. See Code, § 19-232.[2]
In his brief the Attorney General concedes that this motion was well founded and should have been sustained. We concur in *607 this view. Clearly, under the statute, the prior conviction in the trial justice court of the illegal sale of the liquor was a bar to a prosecution for illegal possession of the identical liquor.
Although the record is not clear as to whether the question was raised in the lower court, it was argued before us by counsel for the accused, and conceded by the Attorney General, that the illegal manufacture of alcoholic beverages by the use of a still, which is prohibited by Code, § 4-57, embraces the lesser offense of the unlawful possession of the identical still, prohibited by Code, § 4-77, and that consequently, under Code, § 19-232, a conviction under both indictments could not stand. Therefore, the Attorney General acquiesced in the view that the prosecution for the illegal possession of the still under the misdemeanor indictment should be dismissed.
Under Code, § 19-232, the misdemeanor indictment, charging illegal possession of the still, would fall only upon conviction of the charge of illegal manufacture of liquor by the use of the identical still. Owens v. Commonwealth, 129 Va. 757, 759, 105 S.E. 531. But since the Commonwealth has the election to prosecute the greater offense, that is, the illegal manufacture, instead of the lesser offense of illegal possession, we shall treat the stated position of the Attorney General as such election and dismiss this misdemeanor indictment.
This brings us to a consideration of the validity of the conviction under the indictment charging the accused with the illegal manufacture of alcoholic beverages. He attacks the conviction on the grounds that (1) the evidence is insufficient to sustain the verdict and judgment, and (2) the jury was improperly and insufficiently instructed on the pertinent issues.
With respect to the alleged insufficiency of the evidence, the specific contention is that the admission and confession of the accused are uncorroborated, and that standing alone they are not sufficient to establish the corpus delicti, that is, the illegal manufacture of the liquor.
It has long been settled in this State that the corpus delicti cannot be established by the extrajudicial confession of an accused uncorroborated by other evidence. See Cleek v. Commonwealth, 165 Va. 697, 698, 181 S.E. 359, 360, and cases there cited. Yet a confession is competent evidence tending to prove the corpus delicti, and all that is required of the Commonwealth in such cases is that there be such substantial corroborative circumstances as will, when taken in connection with the confession, establish the corpus delicti beyond reasonable doubt. Cochran v. Commonwealth, 122 Va. 801, 817, 94 S.E. 329; Cleek v. Commonwealth, supra, 165 Va. at page 699, 181 S.E. at page 360; State v. Blackwell, 102 W.Va. 421, 135 S.E. 393, 394.
The corpus delicti may be established by circumstantial as well as by direct evidence. Cochran v. Commonwealth, supra, 122 Va. at page 817, 94 S.E. 329.
In the case now before us the evidence shows that the accused had in his possession and sold to the inspectors a pint of illegally acquired apple brandy. He confessed that this was a part of the apple brandy which he had made in the "apple butter kettle-type still" found by the officers on his premises. This confession is corroborated both by the production of the manufactured product, the apple brandy, and the finding of the necessary parts of a "complete still" of the "apple butter kettletype" on his premises and at the end of a path leading from his near-by dwelling. Jugs, jars and other containers commonly used in dispensing illegally manufactured liquor were also found near by. No one else was shown to have had any interest in or connection with the still or any of these appliances. While at the time the premises were searched the still was not in operation, there was evidence which showed that it had been used shortly prior thereto.
The still and the evidence of its use established the corpus delicti, that is, the illegal manufacture of liquor. The confession and admission of the accused were competent evidence to connect him with *608 the crime. Cleek v. Commonwealth, supra, 165 Va. at page 699, 181 S.E. at page 360. Such confession and admission are fully corroborated by the circumstances which have been stated.
Therefore, we are of opinion that the circumstantial evidence adduced before the jury, when read in connection with the confession and admission of the accused, was sufficient to warrant a finding that the corpus delicti was established beyond a reasonable doubt.
It was vital to the protection of the rights of the accused that the jury be properly instructed as to the proof of the corpus delicti and the limitation on the use of his confession and admission for that purpose. No such instruction was given.
His counsel asked for and was refused Instruction G, which reads thus: "The court instructs the jury that the signed statement of the accused as introduced in evidence by the witness, Hughes, is not in law sufficient proof of the corpus delicti (that is to say, ardent spirits were being manufactured on April 20, 1950, as charged in said indictment), unless it be corroborated by evidence which independently of the statement or confession, tends to establish the corpus delicti (act of being engaged in the manufacture of ardent spirits)."
While, perhaps, its phraseology may be improved, this instruction correctly stated the applicable legal principles and the refusal of the court to grant it was reversible error. Without an instruction on the subject the jury might well have concluded that the confession and admission of the accused, standing alone, warranted his conviction.
There is no error in the rulings on the other instructions asked for or refused.
For the refusal of the court to grant Instruction G, the verdict based on the indictment charging the accused with unlawful manufacture of alcoholic beverages is set aside, the judgment reversed, and the case remanded for a new trial.
For the reasons heretofore stated, the verdicts of the jury under the two misdemeanor indictments are set aside, the judgments based thereon reversed, and these prosecutions dismissed.
Reversed and remanded.
Reversed and dismissed.
NOTES
[1] Under Code, § 4-91, evidence of prior conviction is permitted in order to enhance the punishment of the accused should his guilt be established by independent testimony. Smith v. Commonwealth, 182 Va. 585, 595, 30 S.E.2d 26, 30, 153 A.L.R. 1150.
[2] The material portion of the statute reads: "If the same act be a violation of two or more statutes, * * * conviction under one of such statutes * * * shall be a bar to a prosecution or proceeding under the other or others. * * *"