## Staunton.

## COLLINS V. COMMONWEALTH.

### September 19, 1918.

1.  CONFESSIONS—*Admissibility—Judicial and Extra-Judicial Confessions.*—Accused was brought before a justice of the peace upon a warrant charging him with the following offenses, namely, that he did "sell, give away, offer, keep and expose for sale, transport and aid in procuring ardent spirits contrary to law." The justice did not try the accused on the charges in the warrant mentioned, (and indeed had no jurisdiction so to do) but there was testimony that when the accused ·was brought before the justice, the justice asked the accused what he wanted to do, and the latter said "he wanted to plead guilty to the charge."

    *Held:* That accused's statement that "he wanted to plead guilty to the charge" was not a judicial confession, since it was not before a court competent to try the pending prosecution.

2.  CONFESSIONS—*Admissibility—Judicial and Extra-Judicial Confessions.*—The statement of accused in the instant case before the justice that "he wanted to plead guilty to the charge," although it could not have been relied on by the Commonwealth as *conclusive* of the guilt of the accused of the offenses charged in the warrant upon which he was brought before the justice of the peace, yet such statement was admissible in evidence as an extra-judicial confession for the consideration of the jury upon the same charges contained in the indictment which were contained in the warrant. Such evidence was not inadmissible merely because insufficient in itself to prove such charges.

3.  CONFESSIONS—*Sufficiency to Prove Charge.*—In the instant case the statement of the accused before the justice of the peace was in itself alone insufficient evidence of a confession of the offense of the transportation of liquor charged in the indictment. In view of the number of the charges in the warrant and the absence of evidence showing that the warrant was ever read to the accused or that he understood at the time he made such statement what all of such charges were, there was an absence of proof that in making such statement the

accused intended to say that he wanted to plead guilty to all of such charges, the indication, indeed, from the language the accused used, that he wanted to plead guilty *"to the charge,"* being that he meant to say that he wanted to plead guilty to only one charge.

4. CONFESSIONS—*Sufficiency to Establish Fact.*—Evidence as to confessions of parties is intrinsically weak and is inconclusive to establish a fact without the aid of other testimony.

5. CRIMINAL LAW—*Corpus Delicti—Confessions.*—The *corpus delicti* cannot be established by the confession of an accused person uncorroborated by other evidence.

6. CRIMINAL LAW—*Corpus Delicti—Confessions—Intoxicating Liquors.*—In the instant case, the *corpus delicti*—the unlawful transportation of the whiskey—was proved by the direct testimony of the officer making the arrest, independently of the admission of the accused that it was his whiskey.

   *Held:* That the evidence was sufficient to support the verdict of the jury finding the accused guilty of transporting whiskey contrary to law.

7. INTOXICATING LIQUORS—*Presumptions and Burden of Proof—Possession of Ardent Spirits—Sale of Liquor.*—The *prima facie* presumption raised by section 65 of the prohibition act from the possession by any person of any ardent spirits at any place other than his home, extends no further than the presumption that such person possesses such distilled liquor *for the purpose of sale.* Such possession does not of itself furnish any evidence of any sale actually made—it being *prima facie* evidence only of the contemplated selling thereof by such possessor of the liquor. Such possession with such purpose, does, it is true, constitute in itself an offense under the statute, but it is not the offense of "selling" of which the accused was found guilty in the instant case.

8. INTOXICATING LIQUORS—*Verdict—Evidence to Support.*—In a prosecution for violation of the prohibition act, the jury found defendant guilty of transporting and selling whiskey contrary to law. The penalty imposed by the verdict did not exceed the minimum penalty for transporting. There was no evidence to support that portion of the verdict which found the accused guilty of selling whiskey contrary to law.

   *Held:* That although the court below erred in declining to set aside that portion of the verdict which found accused guilty of selling, yet the error was harmless, since the jury imposed no penalty for that offense.

9. AUTREFOIS, ACQUIT AND CONVICT—*Verdict Finding Accused Guilty of Two Offenses.*—In the instant case, it was urged that the record did not show for which offense mentioned in

the verdict the fine and imprisonment were imposed—the offense of transporting, or that of selling the liquor—and, hence, that the verdict should have been set aside by the trial court, because the accused cannot plead the record in this case as a bar to future prosecution.

*Held:* That the record of said verdict shows that the accused was convicted of both of the offenses last named. Such conviction was in effect an acquittal of all the other offenses charged in the indictment. The plea of *autrefois convict* as to both of the former and the plea of *autrefois acquit* as to all of the latter offenses are made available to the accused by the record in the instant case.

Error to a judgment of the Circuit Court of Wise county.

*Affirmed.*

Omitting the formal parts thereof, the indictment against the accused was as follows:

" *  *  that App Collins  *  * within one year next prior to the finding of this indictment and since the 1st day of November, 1916, in the said county of Wise, did unlawfully manufacture, transport, sell, offer, keep, store, and expose for sale, give away, dispense, solicit, advertise and receive orders for and aid in procuring ardent spirits  *  *."

There was a trial by jury resulting in the following verdict:

"We, the jury find the defendant guilty of transporting and selling whiskey contrary to law and assess his fine at $50.00 and sixty days in the county jail."

There was direct evidence of an officer who arrested the accused at Glamorgan, in Wise county, as follows:

"I saw two men coming into Glamorgan from the direction of Roberts Coal Plant, each of them had a sack with something in the sacks on their backs which looked like a jug. I intercepted them and told them to consider themselves under arrest. I grabbed one of them and a scuffle

103

ensued, and we rolled over the bank into a swamp. This man, as we went over the bank, dropped his jug on the ground and broke it. This jug contained corn whiskey. After we went over the bank into the swamp, this man got away from me. Mr. Riddle, who was out there with me, after the one I was after made his escape, called to me "here is your man," and when I went back to where he was he had Mr. Collins in custody. We made search around there in the dark and found two gallons of liquor in a sack above a stump off some distance from where Collins, the defendant, was; but I do not know whose liquor it was. We started to carry Collins on and bring him to the court house and we came upon a car setting in the road and in this car a man was sleeping. When we attempted to wake this man Collins escaped. We pursued him but did not capture him until early next morning, when he was *cought* near the same place. When Riddle *cought* him he had lost his hat and had come back with another man to look for the hat and was arrested.

"At the time he got away from us at the car, he ran off with a pair of handcuffs on and when we arrested him next morning, they had been removed. After we got him the second time, I was bringing him to jail, and *he told me it was his whiskey and offered to give it to me* if I would let him go. He further said he would give me $5.00 to let him go. I told him I had been in the business too long that it would not work."

### CROSS-EXAMINATION.

"By A. N. Kilgore:
"I know nothing about the defendant having sold any liquor contrary to law. I never bought any of him, nor know of any one else buying from him. I will not state that the whiskey I found was the property of the defend-

ant. I do not know of my own personal knowledge that the sack I saw the defendant with contained a jug with whiskey in it. All I know is after he was arrested, some little distance from where he was arrested Mr. Riddle found the sack with two gallons of whiskey in it. I broke up the whiskey under the direction of the sheriff and J. M. McNeil, justice of the peace  *  *."

On the arrest of the accused he was brought before a justice of the peace upon a warrant charging him with the following offenses, namely, that he did "* * in said county sell, give away, offer, keep and expose for sale, transport and aid in procuring ardent spirits contrary to law  *  *."

The justice did not try the accused on the charges in the warrant mentioned (and indeed had no jurisdiction so to do), but there was testimony that when the accused was brought before the justice, the justice asked the accused what he wanted to do, and the latter said "he wanted to plead guilty to the charge."

The foregoing constitutes, in substance, all of the material evidence for the Commonwealth.

There was no evidence introduced in behalf of the accused.

Upon the trial of the case, the accused moved the trial court to exclude all of the evidence introduced in behalf of the Commonwealth as not admissible under the indictment, which motion was overruled. This action of the court below is the basis of one of the assignments of error.

Upon the rendition of the verdict aforesaid the accused moved the trial court to set it aside and grant him a new trial upon the grounds that such verdict was contrary to the law and the evidence and because without sufficient evidence to support it. This motion was also overruled and the judgment complained of was entered imposing a fine of $50.00 upon the accused and sentencing him to confinement for thirty days in the county jail, which action of the trial

court is made the basis of the remaining and only other assignment of error which is relied on by the accused.

*Kilgore & Kiser,* for the plaintiff in error.

*Jno. R. Saunders, Attorney-General,* and *J. D. Hank, Jr., Assistant Attorney-General,* for the Commonwealth.

SIMS, J., after making the foregoing statement, delivered the following opinion of the court:

The two assignments of error above noted raise the following points for decision, which will be disposed of in their order as stated below.

1. It is urged in behalf of the accused that his statement before the justice of the peace that "he wanted to plead guilty to the charge" was not a judicial confession, since it was not before a court competent to try the pending prosecution.

This position is well taken. Wharton's Cr. Ev. (9th ed.), sec. 638. Such statement, therefore, could not have been relied on by the Commonwealth as *conclusive* of the guilt of the accused of the offenses charged in the warrant upon which he was brought before the justice of the peace. However, this did not render such statement of the accused inadmissible in evidence as an extra-judicial confession for the consideration of the jury upon the same charges contained in the indictment which were contained in the warrant. *Idem.* secs. 625-6, 631. Such evidence was not inadmissible merely because insufficient in itself to prove such charges. *Idem.* 632.

2. It is alike urged that there is no evidence of the guilt of the accused of the transportation of whiskey other than his confession, before the officer who arrested him, of the related fact that the liquor which was taken in charge by

the officer at the time of the arrest, was the whiskey of the accused, since the statement of the accused before the justice of the peace is not shown by the evidence to have been an admission by him of that precise crime; and it is urged that since guilt of the accused cannot be established solely by his confession, without the aid of other testimony, the verdict of the jury finding the accused guilty of transporting the whiskey, as well as of the selling thereof, should have been set aside as without sufficient evidence to support it.

It is true that in so far as the statement of the accused aforesaid before the justice of the peace is concerned, it must be considered as in itself alone insufficient evidence of a confession of the offense of the transportation of liquor charged in the indictment. Underhill on Cr. Ev. (1898) sec. 125, p. 160. In view of the number of the charges in the warrant and the absence of evidence showing that the warrant was ever read to the accused or that he understood at the time he made such statement what all of such charges were, there was an absence of proof that in making such statement the accused intended to say that he wanted to plead guilty to all of such charges, the indication, indeed, from the language the accused used, that he wanted to plead guilty *"to the charge,"* being that he meant to say that he wanted to plead guilty to only one charge. There was the consequent uncertainty thus arising as to which charge in the warrant the accused thus indicated his guilt. It is also true that evidence as to confessions of parties is intrinsically weak and is inconclusive to establish a fact without the aid of other testimony (*Homer* v. *Speed,* 2 Pat. & H. 616), and in criminal cases the *corpus delicti* cannot be established by the confession of an accused person uncorroborated by other evidence. Wharton's Cr. Ev. (9th ed.), sec. 633; *Cochran's Case,* 94 S. E. 329; but in the instant case, the *corpus delicti*—the unlawful transportation of the

whiskey—was proved by the direct testimony of the officer making the arrest, independently of the admission of the accused that "It was his whiskey." Under the circumstances narrated in the testimony of such officer above quoted, the jury were warranted in drawing the inference of fact that such liquor was the same as that which the officer saw being transported either on the back of the accused or on the back of the person who was with him, for the accused. Since the accused admitted that it was his liquor, it followed that the transportation thereof, aforesaid, was either by him or by his agent in his presence and under his direction. *Qui facit per alium, facit per se.* Hence, the confession of such related fact—the ownership of the whiskey—when considered by the jury in connection with the direct and independent testimony for the Commonwealth that such whiskey was being unlawfully tranported at the time of the arrest of the accused, and the other direct evidence aforesaid, was amply sufficient to support the verdict of the jury in finding the accused guilty of "transporting * * whiskey contrary to law." The penalty imposed by the verdict did not exceed what they were authorized by the statute to impose for such offense and was indeed the minimum penalty for such offense. (See Acts Assem. 1916, p. 215.)

3. It is also urged in behalf of the accused that there was no evidence to support that portion of the verdict of the jury which found the accused guilty of "selling whiskey contrary to law."

We are of opinion that this position is well taken. There is no evidence whatever in the instant case tending to show any selling of whiskey by the accused.

The Commonwealth relies upon the *prima facie* presumption raised by the possession by the accused of the whiskey in question under section 65 of said act, to sustain the verdict of the jury in the particular now under consideration. The provision of such section of the statute thus relied on is as follows:

"The possession by any person, of any ardent spirits, at any place other than his home, except as provided in this act, and the possession in his home of more than one gallon of distilled liquor, one gallon of wine, or three gallons of beer, or other malt liquor, at any one time, shall, in any proceeding or prosecution under this act, be *prima facie* evidence that such person possesses such distilled liquors, wine and malt liquor for the purpose of sale."

The *prima facie* presumption raised by such statute from the possession by any person of any ardent spirits at any place other than his home (which the evidence for the Commonwealth in the instant case showed was true of the accused), extends no further, however, than the presumption "that such person possesses such distilled liquor * * *for the purpose of sale.* (Italics supplied). *Pine & Scott v. Commonwealth,* 93 S. E. 652. Such possession does not of itself furnish any evidence of any sale actually made,—it being *prima facie* evidence only of the contemplated selling thereof by such possessor of the liquor. Such possession, with such purpose, does, it is true, constitute in itself an offense under the statute, but it is not the offense of "selling" of which the accused was found guilty in the instant case. That portion of the verdict which included the additional offense of "selling" aforesaid, was, therefore, not supported by any evidence, and the court below erred in declining to set aside such portion of the verdict. However, since the jury imposed no penalty, for such additional offense (they having imposed only a penalty which was the minimum penalty for the offense of transporting liquor covered by the verdict, as above stated), the accused suffered no hardship or ill-effect because of such additional offense being included in the verdict, and the error of the court below in that particular, was, therefore, harmless, and hence is not reversible error.

4. It is urged that the record does not show for which

offense mentioned in the verdict the fine and imprisonment were imposed—the offense of transporting, or that of selling the liquor—and, hence, that the verdict should have been set aside by the trial court, because the accused cannot plead the record in this case as a bar to future prosecution.

The record of said verdict shows that the accused was convicted of both of the offenses last named. Such conviction was in effect an acquittal of all the other offenses charged in the indictment. The plea of *autrefois convict* as to both of the former and the plea of *autrefois acquit* as to all of the latter offenses are made available to the accused by the record in the instant case.

For the foregoing reasons we find no error in the judgment complained of, and it will be affirmed.

*Affirmed.*