# Richmond

## LEON MCCLAIN BAYLOR V. COMMONWEALTH OF VIRGINIA.

November 21, 1949.

Record No. 3614.

Present, All the Justices.

The opinion states the case.

*Frank B. Beazley,* for the plaintiff in error.

*J. Lindsay Almond, Jr., Attorney General* and *Henry T. Wickham, Assistant Attorney General,* for the Commonwealth.

Eggleston, J., delivered the opinion of the court.

Leon McClain Baylor was arrested on a warrant charging him with unlawfully operating a motor vehicle on a high-

way "while under the influence of alcoholic beverages and in a reckless manner." In the trial justice court he entered a plea of "guilty" and upon consideration of that plea and the evidence he was found "guilty of operating a motor vehicle while under the influence of alcoholic beverages." From that conviction he appealed to the circuit court.

When arraigned in the circuit court the accused pleaded "not guilty." By consent the case was tried by the court without a jury, and resulted in the judgment of conviction now before us.

In substance the contention of the accused is that the circuit court heard and considered evidence which was inadmissible, and that the admissible evidence adduced is insufficient to sustain the judgment of conviction.

The accused did not testify and the evidence upon which the circuit court rested its judgment is uncontradicted.

On behalf of the Commonwealth a State trooper testified that on a certain night he found a damaged truck against a tree by the side of the road. Its only occupant was the accused who was intoxicated and asleep under the steering wheel. The accused made no statement as to his operation of the truck, nor did the officer know when or by whom it had been driven there. He did not know how long the accused had been intoxicated.

With the introduction of this evidence the Commonwealth rested, and counsel for the accused moved to strike the evidence on the ground that it was not sufficient to sustain a conviction. The motion was overruled and an exception taken.

The record discloses that the circuit court "having examined the warrant on which the accused was being tried saw that the trial justice had written thereon that the plea of the defendant was guilty as charged in the warrant." Thereupon the trial justice was called and questioned "by the court." He testified that he "fully warned the accused as to his rights," told him that he was not required to plead or say anything, and that what he said might be used against

him. Thereafter, he said, the accused "voluntarily entered a plea of guilty." The justice further testified that at the time of the trial, which was two days after the officer's discovery of the truck on the road, the accused was sober and fully cognizant of the situation.

Counsel for the accused objected both to the testimony of the trial justice and to the consideration by the circuit court of the record in the trial justice court and the plea entered there. These objections were overruled and upon the whole evidence adduced before it the circuit court entered the judgment of conviction complained of.

In our opinion the circuit court erred in admitting and considering the evidence objected to.

Code, sec. 4989, as amended by Acts 1932, ch. 172, p. 341, Acts 1938, ch. 53, p. 105, provides in part: "Any person convicted by a justice under the provisions of this chapter shall have the right, at any time within ten days from such conviction, and whether or not such conviction was upon a plea of guilty, to appeal to the circuit court of the county or corporation or hustings court of the corporation, as the case may be, and in event of such appeal the same shall be heard *de novo*. * * *"

Code, sec. 4990, provides: "The appeal shall be tried without formal pleadings in writing, and the accused shall be entitled to trial by a jury in the same manner as if he had been indicted for the offense in said court."

In *Gravely* v. *Deeds*, 185 Va. 662, 664, 40 S. E. (2d) 175, 176, in construing these sections we said:

"This court has held repeatedly that on appeal from the judgment of a trial justice the case is tried *de novo* in the circuit or corporation court. The appeal is, in effect, a statutory grant of a new trial. It not only annuls the judgment of the trial justice, but it is reversible error to permit such judgment to be introduced in evidence before the jury. The question on appeal is not whether the judgment of the justice is correct but whether the accused is guilty of the offense charged. In determining this issue the judgment of

the trial justice is disregarded. * * *" (Citing authorities.)

It was error, therefore, on the part of the circuit court to consider the judgment of conviction entered by the trial justice.

In its written opinion the circuit court held that the plea of guilty by the accused before the trial justice was admissible in evidence as "a confession." In support of that view it relied on a number of cases which hold that a voluntary plea of guilty, or an admission of guilt, by an accused before a committing magistrate may be admitted in evidence as a confession on the subsequent trial of the accused. Such was the holding of this court in *Collins* v. *Commonwealth*, 123 Va. 815, 96 S. E. 826. See also, Anno., 141 A. L. R. 1335, collecting numerous cases on the subject.[1]

Such cases, as well as the others relied on by the lower court and the Attorney General, are readily distinguishable from the present case, in that they do not involve the application of statutes such as Code, secs. 4989 and 4990, upon which the present case turns.

█ Under these statutes the appeal, in effect, annuls or wipes out the former plea of guilty. By section 4989 the accused is given the right to a new trial "whether or not such conviction was upon a plea of guilty." Moreover, section 4990 contemplates that the accused shall plead anew in the circuit or corporation court, for unless he does so he could not be tried "by a jury in the same manner as if he had been indicted for the offense in said court."

Plainly, we think, the purpose of these statutes is to give the accused a new trial in the circuit or corporation court, unhampered and unprejudiced by the plea of guilty which he may have entered before the trial justice. Consequently, evidence of such former plea was inadmissible in the present case.

█ We are of the further opinion that the circuit

[1] For the view that such admission of guilt at a preliminary hearing is not admissible upon the subsequent trial of the accused where he pleads not guilty to the indictment, see *Wood* v. *United States*, 75 App. D. C. 274, 128 F. (2d) 265, 141 A. L. R. 1318 (opinion by Rutledge, J.)

court erred in admitting and considering the testimony of the trial justice as to the plea entered in the latter's court by the accused.

Code, sec. 4781, as amended by Acts 1924, ch. 411, p. 637, provides in part as follows: "* * * No justice of the peace, police justice, civil and police justice, juvenile and domestic relations court judge or other trial justice shall be competent to testify against the accused in a court of record as to statements made by the accused on his trial by such justice or on his preliminary examination before such justice."

This statute is designed and intended to protect an accused against the testimony of certain judicial officers before whom he has appeared as to admissions or confessions made by him. The word "statements" is used in a broad sense and is not limited to the testimony of the accused. It includes his plea "on his trial," which is usually verbal, and is a statement of his defense to the charge against him.

Webster's New International Dictionary, 2d Ed., defines "pleadings" as, "The successive statements, now usually written, by which the plaintiff sets forth his cause and claim, and the defendant his defense."

When the accused entered a plea of guilty before the trial justice he thereby made the vital "statement" or admission that he had no defense to the charge in the warrant. The testimony of the trial justice as to such admission is clearly within the prohibition of the statute.

For these reasons the judgment complained of is reversed and the case is remanded for a new trial if the Commonwealth be so advised.

*Reversed and remanded.*

HUDGINS, C. J., concurring in part and dissenting in part.

I concur in so much of the foregoing opinion which holds that the 1924 amendment (Acts 1924, p. 637) to Code, sec. 4781, expressly declares that the trial justice is an incompetent witness against the accused in a court of record as to

statements made by the accused on the trial before him. I also concur in the conclusion that elimination of the testimony of the trial justice does not leave in the record sufficient evidence to sustain the judgment of conviction.

But I do not agree with that part of the opinion which holds that the admission or confession of guilt of the accused made before the trial justice is inadmissible when proven by competent witnesses. The statute does not purport to change or modify the rules of evidence governing the admissibility of such statements, but provides that they cannot be proven by a police or trial justice even when voluntarily made before him in his official capacity.

Code, sec. 4989, gives the accused the right to appeal from a conviction of the trial justice even though that conviction was based on his plea of guilty. On such an appeal the case "shall be heard *de novo*." This means that the appeal shall be tried "anew, afresh, over again, a second time." Black's Law Dictionary, Deluxe Edition; Ballentine's Law Dictionary, 1st ed.

This court not infrequently reverses the judgment of a lower court and remands the case for a new trial, but such re-trial does not mean that the general law governing the rule of evidence is affected one way or other. Any pertinent evidence on the issues joined is admissible on the new trial regardless of whether or not such evidence was introduced on the former trial. The same reasons apply on an appeal from the judgment of the police court. The provision that the case should be heard *de novo* does not contemplate any change in the rules on admission or rejection of evidence.

The general rule is that a voluntary plea of guilty on a preliminary hearing before a committing magistrate by one charged with a felony is admissible in evidence as a confession or admission of guilt in the subsequent trial of the accused on the indictment. "Oral confessions may be proven by any one by whom they are heard, the same as any other fact." 2 Wharton's Criminal Evidence, 11th Ed., sec. 606, p. 1012; Annotation 141 A. L. R., p. 1335.

We held in *Collins* v. *Commonwealth*, 123 Va. 815, 96 S. E. 826, that the statement of an accused before a committing magistrate that he, the accused, "wanted to plead guilty to the charge," was not a judicial confession, because it was not made before a court competent to try the pending prosecution, but such statement was admissible as an extra-judicial confession.

If the admission or confession of an accused, when made before a committing magistrate, is admissible, it would seem that such admission or confession, when made before a court competent to try the case, would be likewise admissible. In the first instance, the committing magistrate is charged with the duty of determining whether the evidence for the Commonwealth is sufficient to hold the accused for further action. In the second instance, the police justice is charged with the duty of passing upon the guilt or innocence of the accused. There is no more reason to reject the statement of the accused in one case than it is in the other. Indeed, the reason to admit the statement seems stronger in the latter cause than in the former. There is nothing in either code, section 4989, or section 4990, which purports to change or modify this rule.

Here the judgment of conviction should be reversed becaused the Commonwealth or trial judge attempted to prove an admissible fact by an incompetent witness. Of course, the accused should be given every opportunity to explain why, or the circumstances under which he made the confession. The weight to be given his confession, like other evidence, is a question for the jury or the judge trying the case without a jury.