COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, Powell and Senior Judge Clements


LEAH STEO HUSTON
                                                    MEMORANDUM OPINION*
v.       Record No. 2808-09-4                          PER CURIAM
                                                    OCTOBER 19, 2010
JOHN MICHAEL HUSTON


                  FROM THE CIRCUIT COURT OF WARREN COUNTY
                            Dennis L. Hupp, Judge

            (Leah D. Huston, *pro se*, on briefs).

            (D. Eric Wiseley; David Silek; Wiseley McDonald Wiseley, PLC;
            Ours & Silek, PC, on brief), for appellee.


        Leah Huston (mother) appeals a final decree of divorce in which the trial court granted legal

and physical custody of one of the parties' sons to John Huston (father).  Mother argues that the trial

court erred by (1) denying her an impartial *de novo* standard of review on appeal; (2) conducting an

*in camera* interview with the parties' minor child without the presence of a court reporter; and

(3) imputing income to mother even though she was a stay-at-home mother for twenty-six years.[1]

Father presents additional questions presented.  He argues that (1) this Court does not have

jurisdiction to consider this appeal because mother failed to notify Jacob Huston, a party petitioner

in the trial court; (2) this appeal should be dismissed because mother failed to comply with Rules

5A:20 and 5A:25; and (3) he should be awarded attorney's fees that he incurred in defending this

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] Mother filed a motion to supplement her brief by correcting the citations to the
appendix page numbers in the section where she stated her questions presented.  Upon
consideration whereof, mother's motion is granted.

appeal.[2]  Upon reviewing the record and briefs of the parties, we conclude that this appeal is

without merit.  Accordingly, we summarily affirm the decision of the trial court.  See Rule

5A:27.

BACKGROUND

The parties married on January 25, 1982, separated on September 1, 2007, and divorced

on December 8, 2009.  There were eight children born of the marriage, and three were minors at

the time that the parties separated.

In July 2007, one of the parties' adult sons, Jacob, filed for custody and visitation of one

of the minor children, L.[3]  In August 2007, mother filed for custody, visitation, and support of

the other two minor children, J. and T.  On April 17, 2008, the Warren County Juvenile and

Domestic Relations District Court (the JDR court) issued an order granting legal and physical

custody of L. and J. to father and legal and physical custody of T. to mother.  The JDR court also

established a visitation schedule for mother and father and dismissed, with prejudice, Jacob's

petitions.  Mother appealed the JDR court's ruling.

Mother filed a complaint for divorce and a motion for *pendente lite* relief.  By agreement

of the parties, the divorce action was consolidated with the appeal from the JDR court.  After a

two-day *pendente lite* hearing, the trial court issued a memorandum on November 25, 2008, a

letter opinion on December 5, 2008, and an order on February 13, 2009.  The trial court

incorporated the memorandum and letter opinion into the *pendente lite* order.  The trial court

---

[2] Father filed a motion for an extension of time to file his brief because mother failed to file a proper appendix.  Upon consideration whereof, father's motion is denied; his brief included references to the appendix filed by mother.  Father also filed a motion allowing him to include his second additional question presented that states mother's appeal should be dismissed because she failed to comply with Rules 5A:20 and 5A:25.  Upon consideration whereof, father's motion is granted, and it is noted that his brief included this issue.  We find that mother substantially complied with Rule 5A:25 and any violations of Rule 5A:20 will be addressed herein.

[3] The minor children will be referred to by their initials.

"adopt[ed] the orders entered in the Warren County Juvenile and Domestic Relations (JDR) Court on April 17, 2008, as to all issues, to-wit: child custody and visitation, child support and spousal support." The trial court noted that J.'s custody was the only issue between the parties, as both parties agreed that T. would remain with mother and L. would remain with father. The trial court explained its reasoning and where it differed from the JDR court. The trial court stated that Jacob was no longer a party to these proceedings, dismissed any matters regarding Jacob's petitions, and made that portion of the order a final order.

In July 2009, the final hearing took place over two days. After hearing the evidence and argument of the parties and J.'s *in camera* testimony, the trial court granted custody of L. and J. to father and custody of T. to mother. The trial court ruled on support and equitable distribution and entered a final decree of divorce on December 8, 2009. Mother filed her objections to the final decree of divorce and timely filed an appeal.

ANALYSIS

Mother's Notice of Appeal

Father argues that this Court does not have jurisdiction to hear this appeal because mother failed to notify Jacob of the appeal.[4] Father argues that Jacob was a necessary party.

On December 5, 2008, the trial court issued a letter opinion stating that Jacob's petition for custody of L. was dismissed. The letter opinion further stated that "this is a final order," and "Jacob Huston will no longer be a party in these proceedings." On February 13, 2009, the trial court entered an order memorializing the ruling from the letter opinion. Neither party appealed the court's order of February 13, 2009, dismissing Jacob's appeal. See Rule 1:1 (an order becomes final twenty-one days after the date of entry).

---

[4] Father also filed a motion to dismiss based on this argument. For the reasons stated herein, father's motion is denied.

Therefore, mother did not need to notify Jacob of the appeal because he was no longer a party to this matter.[5]

### *De Novo* Standard of Review

Mother argues that the trial court denied her an impartial *de novo* standard of review on appeal.

Father argues that mother did not preserve the issue because she did not contemporaneously object to the trial court's ruling. The trial court issued a *pendente lite* order, dated February 13, 2009. In the *pendente lite* order, the trial court specifically stated that it adopted the JDR court's order. In a letter opinion dated December 5, 2008, the trial court stated,

> I find that my analysis is very similar to that of Judge Ronald Napier, who heard this case in the Warren County JDR District Court and who entered a detailed order on April 17, 2008. This is the order appealed from, and it is certainly not binding on this Court. Having reached my own conclusions in the case, I find that my reasoning is similar to his . . . . While the status quo established by the order appealed from can be given no legal effect in this Court, I can, and I must, review and consider the present circumstances and how those circumstances affect the children.

Mother filed a motion to reconsider on February 20, 2009, and a "Notice of Objections and Motion for Retrial and/or Reconsideration" on March 2, 2009. She did not argue in these motions that the trial court failed to conduct a *de novo* trial. The trial court issued an order on March 20, 2009 denying mother's motions. On April 6, 2009, mother filed a "Notice of Objections" and argued that the trial court did not conduct a *de novo* hearing. She reiterated her objection on December 15, 2009, when she filed her "Notice of Objections to Final Decree of Divorce." Father argues that the objection was made too late.

---

[5] Mother filed a motion for sanctions regarding this issue, and her motion is denied.

The Court of Appeals will not consider a claim of trial court error as a ground for reversal "where no timely objection was made, except to attain the ends of justice." Marshall v. Commonwealth, 26 Va. App. 627, 636, 496 S.E.2d 120, 125 (1998) (citing Rule 5A:18).

Although mother did not note her objection within the ten days as requested by the trial court in the *pendente lite* order, mother did note her objections on April 6, 2009 and reiterated them on December 15, 2009. The trial court was given an opportunity to address the issue if it felt that it needed to; therefore, mother preserved the issue.

> We have repeatedly held that an appeal to the circuit court from a court not of record under Code § 16.1-136 annuls the judgment of the inferior tribunal as completely as if there had been no previous trial . . . and that such a trial *de novo* in the circuit court grants to a litigant every advantage which would have been his had the case been tried originally in such court.

Walker v. Department of Public Welfare, 233 Va. 557, 563, 290 S.E.2d 887, 890 (1982) (citations omitted).

"A party appealing to a circuit court has the right to a *de novo* trial 'unhampered and unprejudiced' by the lower court's ruling." Alexander v. Flowers, 51 Va. App. 404, 414, 658 S.E.2d 355, 359 (2008) (quoting Baylor v. Commonwealth, 190 Va. 116, 120, 56 S.E.2d 77, 79 (1949)).

It is clear that the trial court reviewed the JDR court's opinion in issuing its *pendente lite* order; however, the trial court stated that it reached its own conclusions. In fact, the trial court stated in its letter opinion how its opinion differed from the JDR court's opinion. From the trial court's letter opinion, and the fact that the *pendente lite* hearing lasted for two days, it is apparent that mother was allowed to put on evidence.[6] In addition, the final hearing took place over two

---

[6] There was no transcript of the *pendente lite* hearing.

days, with one day devoted to custody issues. Therefore, the trial court did not deny mother an impartial *de novo* standard of review on appeal.[7]

### *In Camera* Interview

Mother argues that the trial court erred by having an *in camera* interview with a minor child without the presence of a court reporter. Father again argues that mother failed to preserve this issue by timely objecting to the trial court.

"To be timely, an objection must be made when the occasion arises -- at the time the evidence is offered or the statement made." Marlowe v. Commonwealth, 2 Va. App. 619, 621, 347 S.E.2d 167, 168 (1986).

On July 13, 2009, father filed his exhibit and witness list. He named J. as a witness. Mother promptly filed an objection to the child being called as a witness.

At the July 27, 2009 hearing, the trial court stated, "I think the ruling I made last, before, well, two weeks ago, that I would talk to [J.] in chambers, I would like to do that early on and not have him wait all day." This statement implies that there was a prior hearing that addressed mother's objection; however, there is no transcript from a prior hearing on this issue, nor is there an order on this issue.[8]

---

[7] Mother raises several other arguments in this section in her brief. She contends the trial court erred in not bifurcating the issues, namely the custody issues from the divorce issues. She also asserts that the trial court should not have relied on the *pendente lite* order in making its final order, and it should have allowed her to present additional evidence at the final hearing. Neither of these arguments falls under mother's question presented. We decline to consider "an issue not expressly stated among the 'questions presented.'" Hillcrest Manor Nursing Home v. Underwood, 35 Va. App. 31, 39 n.4, 542 S.E.2d 785, 789 n.4 (2001) (The requirement that an opening brief contain "questions presented" has, as of July 1, 2010, been replaced by the requirement that the opening brief contain "assignments of error." See Rule 5A:20.).

[8] An appellant has the responsibility to provide a complete record to the appellate court. Twardy v. Twardy, 14 Va. App. 651, 658, 419 S.E.2d 848, 852 (1992) (en banc).

At the July 27, 2009 hearing, mother did not state her objection to the child testifying after the trial court stated that it would speak with the child in chambers. After each party's opening statements, the trial court asked mother whether there are any "particular matters that you want me to make inquiry of when I talk to [J.]." Again, mother did not state her objection to the trial court speaking with the child. Instead, she asked the judge to ask the child if he would like to live with both parents. The trial court then stated, "Let's ask [J.] to come in and I will talk to him first and then we will move on to the other witnesses. Okay?" Mother said nothing, and the transcript notes that they were "OFF THE RECORD." Mother did not request the court reporter to transcribe the judge's conversation with the child.

Mother noted her objection for the first time when she filed her objections to the final decree. Therefore, mother did make a contemporaneous objection to the trial court's ruling, and we will not consider this issue. Rule 5A:18.

### Imputing Income

Mother argues that the trial court erred in imputing income to her. The trial court imputed income to mother at the rate of minimum wage, or $7.25 per hour, for forty hours per week, for a total of $1,250 per month.

> In setting or modifying spousal support or child support, a court may impute income to a party voluntarily unemployed or underemployed. See Calvert v. Calvert, 18 Va. App. 781, 784, 447 S.E.2d 875, 876 (1994); Stubblebine v. Stubblebine, 22 Va. App. 703, 710, 473 S.E.2d 72, 75 (1996) (en banc). Whether a person is voluntarily unemployed or underemployed is a factual determination. In evaluating a request to impute income, the trial court must "consider the [parties'] earning capacity, financial resources, education and training, ability to secure such education and training, and other factors relevant to the equities of the parents and the children." Niemiec v. Commonwealth, 27 Va. App. 446, 451, 499 S.E.2d 576, 579 (1998).

Blackburn v. Michael, 30 Va. App. 95, 102, 515 S.E.2d 780, 783-84 (1999).

Mother was a stay-at-home mother throughout the parties' marriage and home-schooled the children. The trial court found that the parties' decision for mother to stay at home was a joint decision, especially in light of the fact that they had eight children. However, as the children grew older and the parties separated, mother remained a stay-at-home mother and relied on credit to make ends meet. The trial court stated, "The wife has stubbornly clung to her role of full-time homemaker and home-school instructor, but she apparently has done so by pushing her credit limits. Reality must set in. She must become gainfully employed and contribute to her own support."

Wife testified that in 2007, she worked as a care provider earning $8.50 per hour, but stopped when they no longer needed her services. She also testified that at the time of the trial, she was in the process of becoming certified as a reading specialist for dyslexic children. She anticipated earning $20 per hour initially, and then once she received her certification, she expected to earn $40 per hour. She testified that she hoped to work between twenty and twenty-five hours per week. Meanwhile, she had earned approximately $300 per month in the past year doing small jobs. On cross-examination, mother testified about the various businesses that she attempted to start and about her skills. She was a high school graduate and planned to continue to home-school T.

The trial court heard sufficient evidence to find that mother was capable of working outside the home. All of her children, except one child, had left the home. She had worked as a care provider and was now obtaining her certification to become a reading specialist. The trial court imputed minimum wage to mother and assumed that she would work full time. The trial court's computation of income based on minimum wage was less than mother's anticipated income as a tutor. Therefore, the trial court did not err in imputing income to mother.

Attorney's Fees

Father seeks an award of the attorney's fees and costs he incurred on appeal. However, because this litigation "addressed appropriate and substantial issues," and "neither party generated unnecessary delay or expense in pursuit of its interests," Estate of Hackler v. Hackler, 44 Va. App. 51, 75, 602 S.E.2d 426, 438 (2004), we deny his request for an award of attorney's fees and costs he incurred on appeal. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996).

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

Affirmed.