WILLIAM V. PHILLIPS v. COMMONWEALTH OF VIRGINIA.

CHARLES R. CAMPBELL v. COMMONWEALTH OF VIRGINIA.

October 10, 1960.

Record Nos. 5162, 5163.

Present, All the Justices.

The opinion states the case.

*H. E. Widener, Jr.* (*Elmo Summers Sheffey*, on brief), for plaintiff in error, William V. Phillips.

*George M. Warren, Jr.*, for plaintiff in error, Charles R. Campbell.

*D. Gardiner Tyler*, *Assistant Attorney General* (*A. S. Harrison, Jr., Attorney General*, on brief), for the Commonwealth.

MILLER, J., delivered the opinion of the court.

William V. Phillips and Charles R. Campbell were separately indicted under § 18-98, Code 1950, for the crime of sodomy, each being charged with having committed the offense upon the other. They pleaded not guilty and consented to be tried together. A verdict of guilty was returned by the jury against each accused and punishment fixed at two years' confinement in the penitentiary. Each moved the court to set aside the verdict as contrary to the law and evidence and without evidence to support it. Their motions were overruled and from judgments confirming the verdicts, they appealed.

The dominant and decisive assignment of error taken by each accused is that the evidence is insufficient to sustain the verdict and judgment.

Summarized, the evidence relied upon by the Commonwealth to sustain the convictions follows:

The testimony of Captain Newton J. Roark and police officer Norman Smith shows that on the morning of August 6, 1959, Phillips came to the police station in Bristol, Virginia, and reported that on August 4, 1959, he let a boy who said his name was Chuck Davis use his car to go home, that Davis still had possession of the automobile, and did not want to give it back. Roark informed Phillips that the police would look for the car but Phillips said that he did not want Davis prosecuted.

The next day, August 7, Phillips returned to the police station and told Roark and officer Norman Smith that he wanted to make another statement different from the one he had previously made; "that he wanted to tell the truth about it." After being advised that he did not have to make any statement, that if he did, it could be used against him, and that he was entitled to consult with an attorney if he desired, Phillips voluntarily made a confession that was reduced to writing, read by him, and signed. In the confession Phillips said that about 10:45 p.m. August 4, 1959, he was seated in his car at the F & M Cafe when a boy walked up and engaged him in conversation. The boy, who was a stranger to Phillips, said that he had to go to the Virginia Drive-In some miles distant to see his brother, and Phillips volunteered to drive him there. When they reached the drive-in each drank a cup of coffee, and the boy said that he had

forgotten that "his brother did not go to work until 3 o'clock." Phillips, accompanied by the boy, then began driving toward Bristol, and on the way turned off the highway to allow the boy to relieve his bladder. After each had thus relieved himself, they re-entered the car and Phillips drove to an area called Briarwood Addition where he parked, and there the boy suggested that they commit the crime. The confession then recites their commission of the crime of sodomy and its sordid and disgusting details. When they left Briarwood, at the boy's request, Phillips allowed him to drive, and on the way to Bristol he asked Phillips to let him keep the car until tomorrow. Phillips was reluctant to grant that request, but when the boy threatened to "run the car into some house or over some cliff", Phillips became scared, and on the boy's promise to bring the car back the next day, he agreed to let him keep it. The confession then states that at the boy's insistence Phillips loaned him $7.00, and after driving around for a while longer, they stopped on the highway. When a police car stopped and the officer accosted them, the boy stated to the officer that Phillips was his boss and they were talking over what they were "going to do tomorrow." About one o'clock a.m. Phillips was let out of the car near where he and his wife were living.

The only evidence that tends to corrobate any part of Phillips' written statement is the testimony of Deputy Sheriff Clendenen, who said that when he arrested Campbell on August 7 in nearby Washington county on a charge against him in Bristol for the unauthorized use of an automobile, he was in possession of Phillips' car. Shortly after Phillips made and signed the confession a warrant charging him with sodomy was issued, and he was arrested.

Campbell was also arrested by Deputy Sheriff Clendenen sometime later on August 7 on a warrant charging him with sodomy. Clendenen testified that when arrested and questioned about that offense, Campbell admitted that he had been with Phillips in the latter's automobile during the evening of August 4, having gotten in the car at the F & M Cafe in the city of Bristol. He also admitted that he had gone in Phillips' car to the Virginia Drive-In several miles east of Bristol and had driven from there to Briarwood Addition in Washington county where they stopped. He further said that while at the Briarwood Addition, Phillips made advances toward him by laying his hand on Campbell's leg, but when that occurred, he told Phillips

"to get his hand off him or he would break his neck." Campbell had never seen Phillips before that evening, and he said that this incident was his first knowledge that Phillips was "queer." He also said that when he and Phillips left Briarwood, he drove the car and took Phillips to the latter's home where he let him out.

After Campbell's arrest he was also interviewed by Captain Roark and made an oral statement to him practically identical with the one made to Clendenen, though he did tell Roark that when he let Phillips out of the car, Phillips told him to use the automobile but to bring it back the next day.

Neither accused testified. Phillips' confession was not made in Campbell's presence, nor were the oral statements of Campbell to Clendenen and Roark made in Phillips' presence.

When Phillips' written confession and Campbell's statements to Clendenen and Roark, all made after the commission of the alleged offense, were offered in evidence by the Commonwealth, the court rightly ruled that Phillips' confession was not admissible *against* Campbell nor were Campbell's statements admissible *against* Phillips.

This principle is hoary with age. As early as 1663, in *Tong's* Case, Kelyng 17, 18, 84 Eng. Rep. 1061, 1062 (K.B.), it was said:

"[S]uch confession [before a justice or a privy councillor on examination] so proved is only evidence against the party himself who made the confession, but cannot be made use of as evidence against any others whom on his examination he confessed to be in the treason."

Virginia decisions and other authorities that firmly established the principle are *Hunter* v. *Commonwealth*, 7 Gratt. (48 Va.) 641; *Jones* v. *Commonwealth*, 31 Gratt. (72 Va.) 836, 850; *Oliver* v. *Commonwealth*, 77 Va. 590, *Garnett* v. *Commonwealth*, 117 Va. 902, 83 S. E. 1083; Nash, *The Law of Evidence*, § 179, p. 321; 20 Am. Jur., Evidence, § 493. Thus the only evidence to sustain Phillips' conviction is his confession and the fact that on August 7 Campbell was in possession of Phillips' car; the only evidence to sustain Campbell's conviction are his statements to Clendenen and Roark.

We first address ourselves to the decisive question of whether or not the *corpus delicti*—the body or substance of the crime—was established as required by law against Phillips.

In 7 M. J., Evidence, § 240, p. 616, it is said:

"Extrajudicial confessions of the accused are competent evidence tending to prove the corpus delicti. But the corpus delicti cannot be

established by such a confession uncorroborated by other evidence. In other words, a conviction in a criminal case is not warranted by the extrajudicial confession of the accused alone. The confession must be corroborated in a material and substantial manner by evidence aliunde of the corpus delicti. The corroborating evidence, however, need not of itself be conclusive; it is sufficient if when taken in connection with the confession, the crime is established beyond reasonable doubt. * * *''

Of like import is 5 M. J., Criminal Procedure, § 54, pp. 400 and 401.

"Even a confession by the accused, which is extra-judicial, that he committed the offense with which he is charged, is not alone and uncorroborated, adequate proof to establish the *corpus delicti.*" *Moore* v. *Commonwealth*, 132 Va. 741, 745, 111 S. E. 128.

"It has long been settled in this State that the *corpus delicti* cannot be established by the extra judicial confession of an accused uncorroborated by other evidence. See *Cleek* v. *Commonwealth*, 165 Va. 697, 698, 181 S. E. 359, 360, and cases there cited. Yet a confession is competent evidence tending to prove the *corpus delicti*, and all that is required of the Commonwealth in such cases is that there be such substantial corroborative circumstances as will, when taken in connection with the confession, establish the *corpus delicti* beyond reasonable doubt. * * *'' *Wheeler* v. *Commonwealth*, 192 Va. 665, 669, 66 S. E. 2d 605.

Adhering to the principle that the *corpus delicti* may not be proved by extra-judicial confession alone are *Collins* v. *Commonwealth*, 123 Va. 815, 96 S. E. 826; *Pepoon* v. *Commonwealth*, 192 Va. 804, 66 S. E. 2d 854; *Campbell* v. *Commonwealth*, 194 Va. 825, 75 S. E. 2d 468; *Lucas* v. *Commonwealth*, 201 Va. 599, 112 S. E. 2d 915; 2 Wharton, *Criminal Evidence* (12th ed.), § 393, p. 130.

The Attorney General insists that the fact that Campbell was in possession of Phillips' car shortly after the alleged offense sufficiently corroborates Phillips' confession to establish the *corpus delicti.*

Though it be conceded that Campbell's possession of Phillips' car corroborates Phillips' statement that he and Campbell were in each other's presence at the time stated by Phillips in his confession, yet it furnishes no corroboration that the actual crime of sodomy for which Phillips was convicted was committed.

" 'The rule in criminal cases is that the coincidence of circumstances

tending to indicate guilt, however strong and numerous they may be, avails nothing unless the *corpus delicti,* the fact that the crime has been actually perpetrated, be first established. * * *' 1 Starkie on Ev., 510." *Jones* v. *Commonwealth,* 103 Va. 1012, 1019, 49 S. E. 663. *Hamilton* v. *Commonwealth,* 163 Va. 1089, 177 S. E. 847.

Campbell's possession of the car does not indicate commission of the crime nor can it be said to substantiate the truth of the confession that the criminal act was committed. His possession of the car is just as consistent with non-commission of the offense as it is with its commission. In short, there is no evidence that fortifies the truth of the confession as to the *corpus delicti*—the fact that the crime was actually committed. The only evidence to prove the *corpus delicti* is the extra-judicial confession, and it has been held time and again to be insufficient, standing alone, to establish that fact. It follows that the evidence is insufficient to sustain the verdict and judgment against Phillips, and we so decide.

The statements made by Campbell to Clendenen and Roark are not confessions of guilt on his part. On the contrary, they are denials of guilt insofar as he is concerned. There being no other testimony that tends to establish Campbell's guilt or participation in the offense for which he was convicted, it is abundantly clear that the evidence is insufficient to sustain the verdict and judgment against Campbell, and we so decide.

The judgments will be reversed, the verdicts set aside, and the cases remanded for new trials if the Commonwealth be so advised.

*Reversed and remanded.*