COURT OF APPEALS OF VIRGINIA

Present:   Judges Elder, Beales and Senior Judge Willis
Argued at Salem, Virginia


DAMIEN DAVON BENGUCHE

                                                    MEMORANDUM OPINION* BY
v.        Record No. 0688-11-3                      JUDGE JERE M. H. WILLIS, JR.
                                                    OCTOBER 9, 2012
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF FRANKLIN COUNTY
William N. Alexander, II, Judge

Arthur J. Donaldson for appellant.

Benjamin H. Katz, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


On appeal from his conviction of possession of a firearm after having been convicted of a

violent felony, in violation of Code § 18.2-308.2, Damien Davon Benguche contends that the

trial court erred in failing to dismiss the charge on the ground that the Commonwealth presented

insufficient corroborating evidence to prove the *corpus delicti*.[1]  We affirm the judgment of the

trial court.

Background

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible therefrom.'"  Archer v. Commonwealth,

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] As Benguche presented no argument in support of a second assignment of error for
which an appeal was awarded, that issue is waived on appeal.  See Rule 5A:20(e) (requiring
appellants to brief "the argument (including principles of law and authorities) relating to each
assignment of error."  See also Wilson v. Commonwealth, 54 Va. App. 631, 638, 681 S.E.2d 74,
78 (2009) ("Pursuant to [Rule 5A:20], we have held that '[u]nsupported assertions of error do not
merit appellate consideration.'" (quoting Jones v. Commonwealth, 51 Va. App. 730, 734, 660
S.E.2d 343, 345 (2008))).

UNPUBLISHED

26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987)).

On June 27, 2010, a white SUV pulled in front of the vehicle in which Conservation Officer Matthew Silicki was a passenger. Seconds later, Silicki saw an arm emerge from the passenger side of the SUV, heard approximately five shots in rapid succession, and saw a muzzle flash. Silicki could not discern whether the shots were fired from the front or rear passenger side.

When Silicki's partner activated the emergency lights and siren on their vehicle, the SUV sped up. Silicki saw a handgun tossed from a passenger side window into a field. The SUV then stopped. At that time, Benguche was seated in the backseat on the passenger side. Kenny Edwards was in the driver's seat, and Travis Edwards was sitting in the front passenger seat.

The handgun was recovered from the field into which it had been tossed. Its character is not at issue in this appeal. Nor is it questioned or at issue that Benguche had previously been convicted of a violent felony.

After the three men were arrested and incarcerated, Benguche apologized to Kenny Edwards. Edwards testified that Benguche acknowledged the handgun was his and said that he, Benguche, would "take responsibility for it." Edwards also testified that Benguche assured him that he, Edwards, would not go to jail. At trial, Benguche denied having this conversation with Edwards. He said Edwards was lying.

<u>Analysis</u>

Benguche contends he cannot be convicted upon his confession to Kenny Edwards, because the Commonwealth failed to present sufficient corroborating evidence to prove the *corpus delicti* of the offense.

It is well settled in Virginia that "'the *corpus delicti* cannot be established by the extra judicial confession of an accused uncorroborated by other evidence.'" Phillips v. Commonwealth, 202 Va. 207, 211, 116 S.E.2d 282, 285 (1960) (quoting Wheeler v. Commonwealth, 192 Va. 665, 669, 66 S.E.2d 605, 607 (1951)). To obtain a conviction upon the accused's extra-judicial confession, the evidence "must corroborate the elements of the *corpus delicti*." Roach v. Commonwealth, 251 Va. 324, 344, 468 S.E.2d 98, 110 (1996), overruled in part on other grounds by Morrisette v. Warden of the Sussex I State Prison, 270 Va. 188, 613 S.E.2d 551 (2005). "'[T]he confession must be corroborated in a material and substantial manner by evidence aliunde of the *corpus delicti*.'" Phillips, 202 Va. at 211, 116 S.E.2d at 284 (quoting 7 M.J., Evidence, § 240, p. 616).

"'It is not necessary, however, that there be independent corroboration of all the contents of the confession, or even of all the elements of the crime. The requirement of corroboration is limited to the facts constituting the *corpus delicti*.'" Aldridge v. Commonwealth, 44 Va. App. 618, 650, 606 S.E.2d 539, 555 (2004) (quoting Watkins v. Commonwealth, 238 Va. 341, 348-49, 385 S.E.2d 50, 54 (1989)). "[C]orroborative evidence supporting the *corpus delicti* 'may be furnished by circumstantial evidence as readily as by direct evidence.'" Id. (quoting Watkins, 238 Va. at 349, 385 S.E.2d at 54) (citation omitted).

"A conviction for knowingly and intentionally possessing a firearm after having been convicted of a felony, see Code § 18.2-308.2, requires proof beyond a reasonable doubt of either actual or constructive possession of the firearm." Hancock v. Commonwealth, 21 Va. App. 466, 468, 465 S.E.2d 138, 140 (1995); see Rawls v. Commonwealth, 272 Va. 334, 349, 634 S.E.2d 697, 705 (2006). To support a conviction based upon constructive possession, the Commonwealth "'must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and

character of the [item] and that it was subject to his dominion and control.'" Drew v. Commonwealth, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986) (quoting Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984)).

Benguche contends his "confession" was not sufficiently corroborated to support his conviction. However, he did not confess to a crime. Rather, he merely admitted ownership of the handgun fired from the vehicle, and offered to "take responsibility for it." Thus, the question before us is not whether his "confession" was sufficiently corroborated, but whether his admission of ownership, combined with the other evidence, was sufficient to prove beyond a reasonable doubt that he possessed the weapon.

While sufficient evidence of guilt is provided neither by mere proximity to the firearm nor by mere "occupancy of the premises" where a firearm is found, both proximity and occupancy are relevant factors that a fact finder may consider in determining guilt. Rawls, 272 Va. at 350, 634 S.E.2d at 705. The evidence must support a finding that the accused "had actual knowledge" that the firearm was present, Hancock, 21 Va. App. at 469, 465 S.E.2d at 140, and had sufficient access to the firearm to bring it under his dominion and control, Smallwood v. Commonwealth, 278 Va. 625, 631, 688 S.E.2d 154, 157 (2009).

In resolving this issue, Hunter v. Commonwealth, 56 Va. App. 50, 690 S.E.2d 792 (2010), is instructive. In that case, we concluded the evidence was sufficient to prove Hunter, one of two passengers in a vehicle driven by a third party, Quinn, possessed a firearm recovered from the locked glove box. Following his arrest, Hunter said "the firearm was his and he was going to take the charge."[2]

---

[2] The issue of whether Hunter's statement was a "confession" requiring corroboration was not before us.

Noting that "ownership of a firearm and proximity standing alone are not sufficient to prove actual possession[,]" id. at 59, 690 S.E.2d at 796, we concluded the evidence nevertheless proved Hunter's constructive possession of the firearm.

> Hunter was the passenger in the front seat of Quinn's car. The glove compartment, which contained the firearm, was directly in front of Hunter. After [the officer] stopped the car and Quinn consented to [the] search of the vehicle, Hunter asked Quinn what he was doing. Quinn responded, "Don't worry, it's locked. The box is locked. I have the keys." Hunter's concern that Quinn had consented to the search and that [the officer] would find the firearm upon inspection of the glove compartment indicates that Hunter knew the firearm was there. Further, Hunter clearly claimed ownership of the firearm stating that he was going to "take the charge" for the firearm and that he bought it in North Carolina. *While Hunter's ownership of the firearm does not prove actual possession, it indicates that had he wanted to actually possess it, he could have.* Thus, this evidence supports the inference that Hunter knew of the presence and the character of the firearm inside the glove box. The fact that Quinn also exercised dominion and control by locking the glove box simply establishes that he was in joint constructive possession of the weapon.

Id. at 60-61, 690 S.E.2d at 797 (footnotes omitted) (emphasis added).

As in Hunter, the evidence here supports the inference that Benguche knew of the presence and character of the firearm. The evidence is uncontroverted that the firearm was fired several times from the passenger side of the vehicle before being tossed from that side. Benguche was seated on that side. Regardless of who fired the weapon,[3] it was fired in close proximity to Benguche, providing the inference that he was aware of its presence and character.

Benguche's proximity and ownership of the weapon entitled the fact finder to infer that "had he wanted to actually possess [the firearm,] he could have." Id. at 60, 690 S.E.2d at 797. See also Smallwood, 278 Va. at 631, 688 S.E.2d at 157 (firearm was subject to defendant's "dominion and control" even though he did not handle it, where defendant could have had actual

---

[3] The trial court found the evidence failed to prove Benguche fired the gun and granted his motion to strike with respect to firing a weapon from a motor vehicle.

possession of weapon "in an instant" and his "access to the firearm was not restricted in any way"). Even assuming Travis Edwards, the front seat passenger, exercised dominion and control over the weapon by firing it, that would "simply establish[] that he was in joint constructive possession of the weapon." Hunter, 56 Va. App. at 61, 690 S.E.2d at 797. "'Possession may be joint or several. Two or more persons may be in possession where each has the power of control and intends to exercise control jointly.'" Id. at 60, 690 S.E.2d at 796 (quoting Smallwood, 278 Va. at 631, 688 S.E.2d at 157).

Accordingly, the evidence was sufficient to prove beyond a reasonable doubt Benguche's constructive possession of the firearm and to support his conviction under Code § 18.2-308.2.

Affirmed.