Present: All the Justices

RICHARD WARREN ALLEN

v.  Record No. 130304                    OPINION BY
                                JUSTICE LEROY F. MILLETTE, JR.
COMMONWEALTH OF VIRGINIA              January 10, 2014


FROM THE COURT OF APPEALS OF VIRGINIA

In this appeal we consider whether the Court of Appeals of Virginia erred in affirming the circuit court's finding that the Commonwealth presented sufficient evidence to slightly corroborate the corpus delicti of aggravated sexual battery.

I.   Facts and Proceedings

Richard Warren Allen confessed to his daughter to having engaged in inappropriate sexual behavior with his grandson, who was four years old at the time.  The following day, Allen, on his own initiative, went to the City of Lynchburg police station and voluntarily repeated his confession to Officer Timothy L. Dooley and Detective Kevin T. Poindexter.  The substance of Allen's confession is as follows.

First, Allen confessed to touching the clothing covering his grandson's genital area while his grandson was sleeping. This was done only while his grandson was sleeping, and his grandson was wearing shorts or pants during every one of these events.  Also while his grandson was sleeping, Allen would rub his grandson's feet and masturbate.

Second, Allen confessed to wrestling with his grandson on Allen's bed when they were alone.  During these wrestling events, his grandson would "brush up against [Allen's] penis."  This aroused Allen, causing him to get an erection.  Every time Allen got an erection, he would allow his grandson to use his hands and feet to touch the clothing covering Allen's penis while Allen was still in underwear or shorts.

Based on this confession, a grand jury returned a true bill for aggravated sexual battery.[1]  Allen pled not guilty to the indictment, waived a jury trial, and did not testify.  After the Commonwealth presented its evidence, Allen made a motion to strike which was overruled, and the circuit court found Allen guilty of aggravated sexual battery.  Allen filed a motion to reconsider, arguing that the Commonwealth failed to prove the corpus delicti of aggravated sexual battery by failing to sufficiently corroborate Allen's confession, thus failing to establish Allen's guilt beyond a reasonable doubt.  The circuit court denied Allen's motion for reconsideration and sentenced Allen to incarceration for seven years and six months, with seven years suspended upon good behavior and intensive supervised probation.

---

[1] See Code § 18.2-67.3 (setting forth the elements of aggravated sexual battery); Code § 18.2-67.10 (setting forth the definition of "sexual abuse" as used in Code § 18.2-67.3).

Allen timely appealed to the Court of Appeals. A single judge of the Court of Appeals, by a per curiam order, denied Allen's appeal on the basis that the circuit court did not err in holding that (1) sufficient evidence existed for the Commonwealth to prove the corpus delicti of aggravated sexual battery and (2) sufficient evidence existed to convict Allen for the crime of aggravated sexual battery. Allen v. Commonwealth, Record No. 0924-12-3 (Nov. 28, 2012). Upon Allen's demand for panel review pursuant to Rule 5A:15A(a), a three judge panel of the Court of Appeals entered an order denying Allen's appeal for the reasons stated in the per curiam order. Allen v. Commonwealth, Record No. 0924-12-3 (Jan. 17, 2013).

Allen timely filed a petition for appeal with this Court. This appeal presents two assignments of error:

1. The Court of Appeals was in error by failing to grant the Petition for a Writ of Error of the Appellant based on the failure of the Commonwealth to prove a corpus delicti, . . . based upon the lack of evidence other than the Appellant's testimony.

2. The Court of Appeals failed to grant a Writ of Error to the Appellant on the basis of the sufficiency of the evidence, . . . based upon the lack of evidence other than the Appellant's testimony.

3

## II.  Discussion

### A.  Standard of Review

"When [reviewing a defendant's] challenge to the sufficiency of the evidence to sustain a conviction, this Court reviews the evidence in the light most favorable to [the Commonwealth, as] the prevailing party at trial[,] and consider[s] all inferences fairly deducible from that evidence."  Crawford v. Commonwealth, 281 Va. 84, 111, 704 S.E.2d 107, 123 (2011) (internal quotation marks omitted).  The lower court will be reversed only if that court's "judgment is plainly wrong or without evidence to support it."  Id. at 112, 704 S.E.2d at 123 (internal quotation marks omitted).

### B.  The Corpus Delicti Rule

"In every criminal prosecution" the Commonwealth must prove the corpus delicti:  "the fact that the crime charged has been actually perpetrated."  Maughs v. City of Charlottesville, 181 Va. 117, 120, 23 S.E.2d 784, 786 (1943) (internal quotation marks omitted).  This general requirement of proof, however, is different from the corpus delicti rule.  See Black's Law Dictionary 395 (9th ed. 2009).  The corpus delicti rule requires the Commonwealth to introduce evidence independent of an extrajudicial confession to prove that the confessed crime actually occurred—that is, to prove the corpus delicti.  Moore v. Commonwealth, 132 Va. 741, 745, 111 S.E. 128, 129 (1922).

4

1.     The History of the Corpus Delicti Rule

The origin of the corpus delicti rule can be traced back at least as far as seventeenth century England.  In 1660, John Perry was subjected to continuous and repeated questioning as to the disappearance of his master, William Harrison.  After initially denying all wrongdoing, Perry finally confessed that he, his mother, and his brother had together robbed and murdered Harrison.  Although a body was never found, and Perry's mother and brother denied all wrongdoing, all three suspects were convicted and executed on the strength of Perry's confession.  Several years later, however, Harrison returned home, claiming to have been kidnapped and sold into slavery in Turkey.  In short, Perry had admitted to a falsehood resulting in the execution of himself, his mother, and his brother.  See Perry's Case (1660), 14 Howell St. Tr. 1312, 1312-24 (Eng.).[2]

The injustice of Perry's Case and similar cases triggered the creation of the corpus delicti rule, although the corpus delicti rule is not uniformly applied as part of the English common law.  Opper v. United States, 348 U.S. 84, 90 & n.5 (1954) ("[English] courts have been hesitant to lay down a rule that an uncorroborated extrajudicial confession may not send an accused to prison or to death."); 7 John H. Wigmore, Evidence

---

[2] 14 T.B. Howell, A Complete Collection of State Trials (London, T.C. Hansard 1816).

in Trials at Common Law § 2070, at 508-10 (James H. Chadbourn ed., 1978).

In the United States, the corpus delicti rule took root after the Boorn trial in Vermont, which replicated the false confession scenario of Perry's Case, was widely publicized. See Trial of Stephen and Jesse Boorn, 6 Am. St. Tr. 73, 73-95 (1819).[3]  The Boorn trial influenced Professor Simon Greenleaf to endorse the corpus delicti rule in his evidence treatise. See 1 Simon Greenleaf, A Treatise on the Law of Evidence § 214, at 275 n.2 (14th ed. 1883) (discussing the Boorn trial in conjunction with cautious acceptance of verbal confessions); id. § 217, at 278-79 (approving the corpus delicti rule).  In turn, Professor Greenleaf's treatise has been noted as having contributed to the corpus delicti rule's near-universal adoption by the states.  Wigmore, supra, § 2071, at 511.

2.    The Corpus Delicti Rule and the Slight Corroboration Requirement

In Virginia, we long ago established that it is "essential" in a criminal prosecution that the Commonwealth must prove the corpus delicti, that is, "that a [crime] has been committed."  Smith v. Commonwealth, 62 Va. (21 Gratt.) 809, 813, 819 (1871); Forde v. Commonwealth, 57 Va. (16 Gratt.)

_____

[3] 6 John D. Lawson, American State Trials (1916).

6

547, 550 (1864).[4]  From this bedrock principle, we adopted the corpus delicti rule for when the Commonwealth seeks to prove the existence of the crime by means of the accused's extrajudicial confession.  See Brown v. Commonwealth, 89 Va. 379, 382, 16 S.E. 250, 251 (1892).  This was a necessary precaution because "evidence as to confessions of parties is intrinsically weak and is inconclusive to establish a fact without the aid of other testimony."  Collins v. Commonwealth, 123 Va. 815, 821, 96 S.E. 826, 828 (1918).

We therefore recognized that, under the corpus delicti rule, "an accused cannot be convicted solely on his uncorroborated extrajudicial admission or confession."  Watkins v. Commonwealth, 238 Va. 341, 348, 385 S.E.2d 50, 54 (1989).  Instead, "slight corroboration of the confession is required to establish corpus delicti beyond a reasonable doubt."  Cherrix v. Commonwealth, 257 Va. 292, 305, 513 S.E.2d 642, 651 (1999) (emphasis added).  However, such slight corroboration need not be "of all the contents of the confession, or even all the

---

[4] Requiring the Commonwealth to prove "that the [criminal] act itself was done" is, standing alone, an insufficient protection against wrongful prosecution of innocent defendants. Smith, 62 Va. (21 Gratt.) at 813.  We have therefore also required the Commonwealth to prove "that [the criminal act] was [actually] done by the person charged" in tandem with requiring proof of the corpus delicti.  Id.; see also Boswell v. Commonwealth, 61 Va. (20 Gratt.) 860, 875 (1871) ("The Commonwealth having proved the corpus delicti, and that the act was done by the accused, has made out her case.").

elements of the crime." Watkins, 238 Va. at 348, 385 S.E.2d at 54.

Slight corroboration may be proved by either direct or circumstantial evidence. Id. at 349, 385 S.E.2d at 54. To this end, slight corroboration exists when physical evidence relates to the confessed illegal act. See, e.g., Magruder v. Commonwealth, 275 Va. 283, 307-09, 657 S.E.2d 113, 126 (2008); Wright v. Commonwealth, 245 Va. 177, 190, 194, 427 S.E.2d 379, 388, 390 (1993). Similarly, eyewitness testimony detailing the occurrence of the illegal act can help satisfy the slight corroboration requirement. See, e.g., Jackson v. Commonwealth, 255 Va. 625, 645-46, 499 S.E.2d 538, 551-52 (1998).

However, we must tread carefully when evaluating the probative weight of evidence that might provide slight corroboration. As we explained, "the coincidence of circumstances tending to indicate guilt, however strong and numerous they may be, avails nothing unless the corpus delicti . . . be first established." Phillips v. Commonwealth, 202 Va. 207, 211-12, 116 S.E.2d 282, 285 (1960). Thus, evidence merely placing the defendant within the geographic proximity of a crime is insufficient corroboration of a confession to having committed such crimes within the area. See Caminade v. Commonwealth, 230 Va. 505, 507-08, 510-11, 338 S.E.2d 846, 847-49 (1986). Moreover, if the facts offered to satisfy the

8

slight corroboration requirement are "just as consistent with non-commission of the offense as . . . with its commission," then slight corroboration does not exist.  Phillips, 202 Va. at 212, 116 S.E.2d at 285.

C.    Whether the Commonwealth Satisfied Its Burden of Proof

Allen made an extrajudicial confession to having committed aggravated sexual battery.  We must therefore determine whether the remaining evidence provides the slight corroboration of the corpus delicti of aggravated sexual battery.  Cherrix, 257 Va. at 305, 513 S.E.2d at 651 (citing Jackson v. Commonwealth, 255 Va. 625, 646, 499 S.E.2d 538, 551 (1998)).

The only other substantive evidence entered into the record was the testimony of Allen's daughter.  Allen's daughter testified that she, her husband, and her son lived in a basement apartment, and that Allen and other family members lived upstairs.  Allen had various opportunities to be alone with his grandson.  The grandson would sometimes sleep in the same bed with both his grandmother and Allen, though occasionally the grandson would sleep alone with Allen. Allen's daughter personally knew that Allen and his grandson spent a lot of time together to "play bears," watch movies, and play around both inside and outside.  Allen's daughter also learned from Allen that he and his grandson wrestled.

9

The Commonwealth contends that the totality of this evidence provides the requisite slight corroboration of the corpus delicti. We disagree.

No physical evidence of the corpus delicti exists. No eyewitness testimony, outside of Allen's own confession, supports an inference of the occurrence of any criminal activity. To the extent that circumstantial evidence establishes Allen's mere opportunity to commit the corpus delicti, this is insufficient to provide slight corroboration. See Caminade, 230 Va. at 509-11, 338 S.E.2d at 848-49 (mere proximity to an alleged burglary is not sufficient corroboration that defendant committed that burglary, even though sufficient evidence corroborated defendant's admissions to having committed other burglaries in the area, thereby proving the corpus delicti of those other burglaries). The Commonwealth must go further and "present evidence of such circumstances as will, when taken in connection with the confession, establish [the occurrence of] the corpus delicti beyond a reasonable doubt." Watkins, 238 Va. at 349, 385 S.E.2d at 54.

The Commonwealth, relying upon the per curiam order entered by the Court of Appeals, contends that the evidence presented establishes more than mere opportunity. The Commonwealth argues that the evidence of Allen sleeping alone

10

with his grandson, and Allen wrestling alone with his grandson, provides the slight corroboration of the corpus delicti. But for that to be true, those actions cannot be "just as consistent with non-commission of [aggravated sexual battery] as it is with its commission." Phillips, 202 Va. at 212, 116 S.E.2d at 285. Yet, the evidence of Allen's guilt independent of his confession is just as consistent with non-commission of aggravated sexual battery as with its commission.

A review of our precedent as set forth in Phillips underscores this point. In that case, the defendant William Phillips, on his own initiative, went to the City of Bristol police station and voluntarily confessed to police officers to having engaged in the criminal act of sodomy with a stranger, Charles Campbell. Id. at 208-09, 116 S.E.2d at 283. As part of his confession, Phillips explained that he picked up and drove Campbell around in his car, engaged in the act of sodomy with Campbell in that car, and then allowed Campbell to keep possession of the car for the following day. Id. at 209, 116 S.E.2d at 283. However, Campbell continued to possess that car for more than a day, and it was Campbell's refusal to return the car to Phillips that prompted Phillips to go to the City of Bristol police station. Id. at 208, 116 S.E.2d at 283. Shortly after Phillips' confession, a deputy sheriff found and

11

arrested Campbell for possessing Phillips' car without authorization.  Id. at 209, 116 S.E.2d at 283.

Neither Phillips nor Campbell testified at their joint trial on the charge of sodomy, and neither co-defendant's statements were admissible against the other.  Id. at 210, 116 S.E.2d at 284.  The only evidence to corroborate Phillips' extrajudicial confession was therefore Campbell's unauthorized possession of Phillips' car.  Id. at 210-11, 116 S.E.2d at 284-85.  However, Campbell's unauthorized possession of the car only corroborated Phillips' admission "that he and Campbell were in each other's presence at the time stated by Phillips in his confession."  Id. at 211, 116 S.E.2d at 285.  Because Campbell's "possession of the car [was] just as consistent with non-commission of the [sodomy] offense as it [was] with its commission," that evidence failed to corroborate the "truth of the confession as to the corpus delicti—the fact that the crime was actually committed."  Id. at 212, 116 S.E.2d at 285.

Therefore, the additional evidence of Campbell's unauthorized possession of Phillips' car supplied no probative weight to whether sodomy was actually committed because the independent evidence was just as consistent with the corpus delicti not occurring as it was with the corpus delicti occurring.  Thus, Campbell's unauthorized possession of the car

12

could only corroborate the opportunity to commit the corpus delicti.

As in Phillips, the additional evidence of Allen sleeping alone with his grandson, and wrestling alone with his grandson, is not slight corroboration of the commission of aggravated sexual battery. The fact that a grandfather and his grandson are sleeping on the same bed, or that a grandfather and his grandson are wrestling, is just as consistent with aggravated sexual battery not occurring as it is with aggravated sexual battery occurring.

Thus, this additional evidence does nothing more than establish the mere opportunity for Allen to commit the corpus delicti. We therefore hold that the Commonwealth failed to prove the slight corroboration of Allen's confession required to establish the corpus delicti.

### III. Conclusion

The Commonwealth was required to introduce evidence to prove the corpus delicti of aggravated sexual battery. Cherrix, 257 Va. at 305, 513 S.E.2d at 651. At trial, Officer Dooley, Detective Poindexter, and Allen's daughter all testified as to Allen's confession. Although this evidence is sufficient to show that Allen confessed to aggravated sexual battery, the Commonwealth is required to introduce independent evidence that slightly corroborates the corpus delicti of

13

aggravated sexual battery.[5]  Watkins, 238 Va. at 348, 385 S.E.2d at 54.  The testimony of Allen's daughter failed to provide such independent evidence, and thus the circuit court's judgment against Allen was without sufficient evidence to support it.  We will therefore reverse the order of the Court of Appeals, vacate Allen's conviction for aggravated sexual battery, and dismiss the indictment.

Reversed and final judgment.


JUSTICE McCLANAHAN, with whom JUSTICE MIMS joins, dissenting.

I.    Introduction

It is well-established under Virginia law that when a full confession is given by the accused, only slight corroboration of the confession is necessary to establish the corpus delicti of a crime beyond a reasonable doubt.  Cherrix v. Commonwealth, 257 Va. 292, 305, 513 S.E.2d 642, 651 (1999).  In this appeal, we are required to consider the quantum of corroborating evidence the Commonwealth must provide to clear this low hurdle.

---

[5] The Commonwealth argues that we should adopt a "trustworthiness" test to replace the slight corroboration requirement.  See People v. LaRosa, 293 P.3d 567, 570 (Colo. 2013).  We decline to do so.

14

The majority reasons that the corroborating evidence here, testimony provided by Allen's daughter which confirmed that Allen spent time alone with his grandson, that Allen and his grandson sometimes slept alone in Allen's bed, and that the two would sometimes wrestle together, did not satisfy the corpus delicti of aggravated sexual battery because it established nothing more than "mere opportunity" to commit the offense. Despite the facts that Allen provided were a full and detailed confession to police, and that the testimony provided by Allen's daughter confirmed that Allen and his grandson were in the precise circumstances detailed in that confession, the majority would require the Commonwealth to produce physical evidence or eyewitness testimony to satisfy its burden. This overly mechanical interpretation of the corpus delicti requirement disregards the underlying purpose of the rule, stretches this Court's precedent to require more than <u>slight</u> corroboration, and ignores practical realities about the nature of the crime to which Allen confessed.

## II.  The Purpose of the Corpus Delicti Rule and the Slight Corroboration Requirement

As the majority correctly points out, Virginia has long adhered to the common law rule that an uncorroborated extrajudicial confession, standing alone, is insufficient to establish the corpus delicti of a crime.  <u>Moore v.</u>

Commonwealth, 132 Va. 741, 745, 111 S.E. 128, 129 (1922). Although "[e]xtrajudicial confessions of the accused are competent evidence tending to prove the corpus delicti," the rule requires that "confession[s] must be corroborated in a material and substantial manner by evidence aliunde [1] of the corpus delicti." Phillips v. Commonwealth, 202 Va. 207, 211, 116 S.E.2d 282, 284 (1960). However, when the accused has fully confessed to an offense, "only slight corroboration of the confession is required to establish the corpus delicti beyond a reasonable doubt." Cherrix, 257 Va. at 305, 513 S.E.2d at 651. If the Commonwealth's corroborative evidence, "when taken in connection with the confession, establish[es] the corpus delicti beyond reasonable doubt," the Commonwealth has satisfied its burden. Wheeler v. Commonwealth, 192 Va. 665, 669, 66 S.E.2d 605, 607 (1951), overruled on other grounds by Watkins v. Commonwealth, 238 Va. 341, 351, 385 S.E.2d 50, 56 (1989). Additionally, "corroborative facts supporting the corpus delicti may be furnished by circumstantial evidence as readily as by direct evidence." Watkins, 238 Va. at 349, 385 S.E.2d at 54 (citing Epperly v. Commonwealth, 224 Va. 214, 229, 294 S.E.2d 882, 891 (1982)). Finally, this Court has held that corroborating evidence is not

---

[1] Defined as "[f]rom another source; from elsewhere." Black's Law Dictionary 86 (9th ed. 2009).

16

required to support "all the contents of the confession, or even all of the elements of the crime." Id. at 348, 385 S.E.2d at 54.

In applying this rule, it is important to consider its underlying purpose. Since its inception in 17th Century England, the corpus delicti rule has served one limited, yet essential function: to guard against the danger of criminal convictions based solely upon false confessions of guilt. 1 Kenneth S. Broun, McCormick on Evidence §145 at 237 (6th ed. 2006); 7 John H. Wigmore, Evidence in Trials at Common Law § 2070 at 510 (James H. Chadbourn ed. 1978). With the ultimate goal of preventing this injustice, corroborating evidence is required solely to ensure the accuracy of an accused's confession. See McCormick on Evidence § 145 at 237 ("Whether considerations beyond accuracy can also support the requirement is doubtful."). For these purposes, this Court has considered whether corroborative evidence adduced by the Commonwealth was sufficient to indicate "the truth of [a defendant's] confession as to the corpus delicti – the fact that the crime was actually committed." Phillips, 202 Va. at 212, 116 S.E.2d at 285; See also Powell v. Commonwealth, 267 Va. 107, 145, 590 S.E.2d 537, 560 (1987) ("Although the Commonwealth may not establish an essential element of a crime by the uncorroborated confession of the accused alone, 'only slight corroborative evidence' is

17

necessary to show the veracity of the confession.") (citations omitted).

The majority relies on <u>Phillips</u> to conclude that the testimony given by Allen's daughter was "just as consistent with non-commission of the offense as it [was] with its commission." <u>Id.</u> at 212, 116 S.E.2d at 285. In <u>Phillips</u>, the defendant confessed to committing sodomy with a stranger after picking him up at a restaurant. <u>Id</u> at 208-09, 116 S.E.2d at 283. In his statement to police, Phillips also said that he loaned his car to the stranger after the encounter. <u>Id.</u> Three days later, Charles R. Campbell was stopped by an officer while driving Phillips' car. <u>Id.</u> Upon questioning, Campbell admitted that he had met Phillips at the restaurant, but denied that they had committed sodomy, claiming instead that Phillips had made unwanted advances towards him, which he refused. <u>Id.</u> at 209-10, 116 S.E.2d at 283-84. Campbell also told police that he dropped Phillips at home and took his car. <u>Id.</u> The only evidence offered by the Commonwealth as corroboration of Phillips' confession was that Campbell was found in possession of Phillips' car. <u>Id.</u> at 209, 211, 116 S.E.2d at 283, 285. Ultimately, this Court held that "possession of Phillips' car corroborates Phillips' statement that he and Campbell were in each other's presence at the time stated by Phillips in his confession, yet it furnishes no corroboration that the actual

18

crime of sodomy for which Phillips was convicted was committed." Id. at 211, 116 S.E.2d at 285.

The circumstances detailed in Phillips are easily distinguishable from the case at bar. In Phillips, both defendants explained that they met at a restaurant, rode away in Phillips' car, and both stated that Campbell kept the car after dropping Phillips off at home. What happened in the interim, however, was a matter of dispute. Consequently, Campbell's possession of Phillips' car was "just as consistent with non-commission of the offense as . . . with its commission" because both Campbell's version of the story and Phillips' version of the story were equally likely to be true. Id. at 212, 116 S.E.2d at 285. In other words, because Campbell denied that he had committed sodomy with Phillips, the veracity of Phillips' confession was placed in doubt, and the mere fact that Campbell was in possession of Phillips' car failed to corroborate the truth of [Phillips'] confession. See id. at 212, 116 S.E.2d at 285.

In contrast, Allen's confession in the instant case was uncontroverted. Furthermore, the testimony given by Allen's daughter established that Allen was often left alone with his grandson in Allen's bedroom and that she was aware that the two would sometimes wrestle. This corroborative evidence provided more than a "coincidence of circumstances tending to indicate

19

guilt." Id. at 211-12, 116 S.E.2d at 285. It detailed the precise circumstances during which Allen told police that the crime was committed.

The majority also cites Caminade v. Commonwealth, 230 Va. 505, 509-11, 338 S.E.2d 846, 848-49 (1986), for the proposition that evidence establishing Allen's mere opportunity to commit the corpus delicti cannot provide the necessary slight corroboration. This reliance is equally misplaced. In that case, the defendant admitted to numerous burglaries in a specific geographic area, but was unable to identify which houses he had actually burglarized. Id. at 507-08, 338 S.E.2d at 847. Caminade was convicted, inter alia, of three burglaries, id. at 505, 338 S.E.2d at 846, and this Court affirmed two of the convictions after review of corroborating evidence with respect to those crimes.[2] In overturning Caminade's conviction for the third burglary, however, this Court found that Caminade's statements to police were

_____

[2] In addition to defendant's admission that he was in the neighborhood committing burglaries "within a range of days which included the date of the offense," the Commonwealth's corroborating evidence for those two burglaries included signs that the homes in question had been broken into and the fact that property was missing. Additionally, in one case, the victims' neighbor saw a car closely matching Caminade's parked nearby and heard sounds consistent with breaking and entering coming from the home around the time that property was discovered missing. In the other, the amount of money stolen exactly matched the amount Caminade admitted he had taken from one of the homes he had targeted. Caminade, 230 Va. at 508-09, 338 S.E.2d at 848.

20

"admissions, not confessions, because they did not furnish all facts necessary for conviction." Id. at 510, 338 S.E.2d at 849. Because the Commonwealth offered no evidence establishing "(1) that an entry was actually made into the [third] house, and (2) by a person having the requisite intent[, and] Caminade's admissions could not supply these crucial elements because he simply did not know which houses he had entered," the corpus delicti of the third burglary was not established. Id. Although the statements "might [have] furnished circumstantial evidence from which a fact finder might infer criminal agency, after corpus delicti has been established by other evidence, the admissions furnish[ed] no proof of corpus delicti in themselves." Id.

In contrast, in the present case Allen confessed to touching his grandson's genital area while his grandson was sleeping. He also confessed that he allowed his grandson to use his hands and feet to touch his erect penis while they were wrestling. There is no doubt that, consistent with our observation in Caminade, 230 Va. at 510, 338 S.E.2d at 849, Allen's statements to police constituted a full confession because they "furnish[ed] all facts necessary for conviction" for aggravated sexual battery as defined in Code §§ 18.2-67.3 and 18.2-67.10(6). Therefore, unlike the admissions by the defendant in Caminade, Allen's confession was "competent

21

evidence tending to prove the corpus delicti," Phillips, 202 Va. at 211, 116 S.E.2d at 285, and only slight corroboration of Allen's confession was required for the Commonwealth to satisfy its burden.  Cherrix, 257 Va. at 305, 513 S.E.2d at 651.

As this Court has made clear, it is not necessary for the Commonwealth's corroborative evidence to support "all the contents of the confession, or even of all the elements of the crime."  Watkins, 238 Va. at 348, 385 S.E.2d at 54.  Here, the corroborative evidence did not, as the majority suggests, merely establish "opportunity" or "geographic proximity."  The testimony given by Allen's daughter also established that she was aware of physical contact between Allen and his grandson when they wrestled on Allen's bed.  Thus, when taken in connection with Allen's full confession, this testimony constituted slight corroboration that Allen committed aggravated sexual battery against his grandson in the manner that he described.  See id.; Wheeler, 192 Va. at 669, 66 S.E.2d at 607.

### III.  Conclusion

The majority requires what is functionally more than slight corroboration to establish the corpus delicti in a case where there is a victim who is too young to testify and no physical evidence available, with an uncontroverted full confession that is itself competent evidence of each element of

22

the corpus delicti.  See Phillips, 202 Va. at 210-11, 116

S.E.2d at 284.  I would hold that the corroborative testimony

provided by Allen's daughter, taken in conjunction with Allen's

uncontroverted full confession, provided the necessary slight

corroboration and established the corpus delicti of aggravated

sexual battery beyond a reasonable doubt.  Therefore, I

dissent.